■ CAROL A. MORETTI, an Infant, by MICHAEL MORETTI, Her Parent and Natural Guardian, et al., Appellants v. NORMAN R. BOUDRY, Respondent.— Judgment unanimously modified to delete therefrom the award of costs against the infant, and as modified affirmed, with costs, to plaintiffs. Memorandum: It was admitted by the defendant that it was error to assess costs against the infant. The failure of defendant to agree to delete the costs against the infant was one of the bases for this appeal, and therefore the costs of the appeal should be paid by him. (Appeal from judgment of Herkimer Trial Term in negligence action.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.

■ CLARENCE CLEVELAND, Plaintiff, v. IRENE FARBER, Individually and as Executrix of BURTON K. FARBER, Deceased, Defendant and Third-Party Plaintiff-Appellant MIDWEST EMERY FREIGHT SYSTEMS, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.— Order unanimously affirmed, without costs. Memorandum: On September 28, 1968 plaintiff was injured while a passenger in a vehicle owned by Midwest Emery Freight Systems, Inc., (Midwest) and operated by Jones when it was involved in an accident. Deceased, who was retained as counsel by plaintiff, allegedly failed to bring a cause of action against either Midwest or Jones within the statutory period allowed for commencing a negligence action. Plaintiff brought this malpractice action against deceased's estate and the estate then started a third-party action against Midwest and Jones seeking indemnity or apportionment. A claim of indemnity is not sufficiently alleged solely on the basis that the claims arose out of the same set of facts. Third-party plaintiff must also allege facts which show that third-party defendant's liability rises from the liability of third-party plaintiff to plaintiff. Here, the wrong committed by third-party defendants is separate, distinct and not related in any way to the wrong committed by third-party plaintiff and, therefore, the third-party complaint was properly dismissed (*Horn* v. *Ketchum*, 27 A D 2d 759). (Appeal from order of Erie Special Term dismissing third-party complaint.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. MEANS, Appellant.— Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Erie Supreme Court for resentencing in accordance with the following memorandum: The matter is remitted solely for the purpose of resentencing after the court complies with CPL 380.50. (See *People* v. *Herndon*, 41 A D 2d 698.) We have considered appellant's contention that his plea was not voluntarily and knowingly made and find no error in that respect. (Appeal from judgment of Supreme Court, Erie County, convicting defendant of burglary, third degree.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.