Simon J. Liebowitz, J.
Catherine Addiego, defendant and third-party defendant, is the mother of the infant plaintiff, James. In one motion she moves to dismiss the complaints in the actions both by her child and by Dr. Fingerman on the ground that they are based on inadequate parental supervision and they do not state causes of action as such.
The facts are undisputed: On July 9, 1970, at about 9:00 p.m., Mrs. Addiego was on an upper floor of her one-family home, in the process of using a commercial liquid caustic preparation to unclog a bathroom sink. Some moments earlier her son, James, aged seven years, had been left in the base *97 ment with a glass of milk and some toys to occupy him while she attended to the sink. After pouring some of the caustic liquid into a glass, she turned away to replace the cap on the container, not noticing that James had come up behind her. Without her awareness and without seeing the child, the child drank some of the liquid believing it to be "coca-cola,” as a result of which he sustained burns of the mouth, throat and esophagus.
With the aid of a neighbor, the child was taken to Interboro Hospital and to Brookdale Hospital. There the mother was told by each, in turn, to take him home and give him juices and milk. In the meantime, Dr. Fingerman had been called. He deferred seeing the child until the next day because of the alleged emergency treatment at the hospitals. On his visits Dr. Fingerman gave the child a prescription for pills and continued the juices. No other treatment was given by Dr. Fingerman, but thereafter the child was hospitalized and subjected to a tracheotomy.
The infant plaintiff, by his father, instituted an action against the two hospitals and the physician alleging their malpractice, aggravation of the injuries, and failure to give timely and proper treatment.
The physician, Dr. Fingerman, instituted a third-party action against the infant’s mother, alleging her negligence for failure to take ordinary and reasonable precautions while using the caustic preparation; for failure to inform the child of the presence of the dangerous compound and for failure to prevent the occurrence when able to do so; also alleging lack of supervisory control.
Dr. Fingerman claims to be entitled to judgment against the mother for any and all damages found against him or for an apportionment thereof under Dole v Dow Chem Co. (30 NY2d 143).
Following the service of the third-party complaint, joining the mother in the action originally instituted only against the hospitals and doctor, the infant commenced a separate action against his mother. However, all actions were consolidated by order of this court dated September 17, 1974.
Upon this motion we are confronted with a fact pattern sometimes confused with the classic type of joint-tort, where several wrongdoers act together or by concurrent acts cause injury or death. In that sense Dr. Fingerman and Mrs. Addiego are not joint tort-feasors. Rather, may it be said, they *98 are tort-feasors, whose wrongs (if any) were successive and independent (Musco v Conte, 22 AD2d 121).
CPLR 1007 allows a defendant to proceed (third-party practice) against a person not a party, who is liable to him for all or part of plaintiff’s claim against him. There is no such liability running from the mother to the physician, nor has he shown any facts to justify such a claim. The doctor and the hospitals are sued for malpractice and not for causing the original injury. While it is true that their own responsibility must be limited to the damages they themselves have caused it is equally true that no part of their liability may be shifted to the infant’s mother. Where a wrong committed by a third-party defendant is separate and distinct and unrelated to the wrong committed by the third-party plaintiff (Dr. Fingerman), the third-party complaint must be dismissed (Cleveland v Farber, 46 AD2d 733).
The claim that the doctrine of Dole v Dow permits the joinder of Mrs. Addiego is not tenable. The Dole case marked the abandonment of the active-passive rule of negligence theretofore existing, and where a cause of action exists, all parties, both active and passive, may be brought into the action by the plaintiff or any other party.
The Dole case creates a right to apportionment of damages among joint or concurrent tort-feasors, but as pointed out, the doctor and Mrs. Addiego do not fall into either class. Its intendment is to prevent a circuity of actions, but not to permit litigation where no cause of action exists in fact.
In the case at bar neither the child nor the doctor has a cause of action against the mother (Holodook v Spencer, Graney v Graney and Ryan v Fahey, 36 NY2d 35 [decided together in one opn]). In that opinion, the rulings in the various departments were unified and the door closed to suits, claims, counterclaims, cross complaints and third-party actions founded on negligence resulting from lack of parental supervision.
Failure to provide proper supervision is not actionable by the child, and in the absence of that primary right the claimed secondary right to contribution under Dole has no substance or base upon which to rest. This is particularly true in the case at bar, since Mrs. Addiego cannot be made a party to the malpractice of the doctor. While he contends that she, alone, is to blame for the occurrence, he overlooks the fact *99 that the suit against him seeks damages only for his own (and the hospitals’) errors or omissions.
In Lastowski v Norge Coin-O-Matic (44 AD2d 127 [cited with approval in Holodook, supra]), Judge Shapiro gave illustrations of injuries due to alleged lack of parental supervision, among them one not unlike the case at bar, to justify the conclusion that no such cause of action exists.
While interfamilial actions are no longer prohibited (Gelbman v Gelbman, 23 NY2d 434), a valid cause of action is a basic requirement for such a suit. It having been held that no viable cause of action for lack of parental supervision or control exists, there is no basis for either the child’s or the doctor’s action.
Accordingly, the motion is granted in its entirety. The third-party action and the infant’s action against Catherine Addiego are dismissed.