OPINION OF THE COURT
John R. Tenney, J.
Plaintiffs have brought this action against defendant attorneys for their alleged malpractice in failing to prosecute plaintiff’s claim against the third-party defendants. Defendant attorneys have brought a third-party action alleging they are entitled to contribution from the parties they neglected to sue in the first place.
The third-party defendants have moved to dismiss the third- *763 party complaint on the grounds that a right of contribution does not exist. The motion is granted.
Contribution is allowed from a third party under CPLR 1401. (Dole v Dow Chem. Co., 30 NY2d 143.) CPLR 1401 provides in part "two or more persons who are subject to liability for damages for the same personal injury * * * may claim contribution among them”. The theory of the action is not the test but both wrongs must have caused the same injury. (Taft v Shaffer Trucking, 52 AD2d 255.)
The basic cause of action is for damages for legal malpractice. The third-party action alleges a cause of action for damages for medical malpractice.
Plaintiff brings his action because he alleges he has lost a legal right. The Statute of Limitations has run, and thus, there is no basis to proceed against the third-party defendant for the injuries caused by their actions. This action alleges personal injuries from faulty surgery.
The third party did not contribute to the injuries to the plaintiff caused by the lawyers. The lawyers did not contribute to the injuries allegedly caused by the doctors. Neither is entitled to contribution from the other.
One is a cause of action for damages for a personal injury. The other is for damages occasioned by a loss of a legal right. Albeit the damages might be identical, only one is for a personal injury.
This type of contribution was not contemplated by CPLR 1401. Therefore, the third-party defendants’ motion to dismiss is granted.