VESELY, OTTO, MILLER & KEEFE and Jerre Miller, Appellants,

v.

Paul BLAKE, M.D., Respondent.

No. 81-69.

Supreme Court of Minnesota.

Oct. 16, 1981.

**4** ▮

Collins, Buckley, Sauntry & Haugh and Theodore J. Collins and James Redman, St. Paul, for appellants.

Bassford, Heckt, Lockhart & Mullin and Kevin P. Keenan, Minneapolis, for respondent.

PETERSON, Justice.

The issue for decision is whether a lawyer, who was found liable in a legal malpractice action for negligent advice rendered to a client which resulted in the client's failure to sue a physician for medical malpractice before the expiration of the statute of limitations, may recover contribution or indemnity from the physician. We hold that the lawyer may not.

This case arises out of the facts described in *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686 (Minn.1980). In that case, John and Joan Togstad successfully sued Jerre Miller and his law firm (appellants) for legal malpractice and were awarded $649,500 damages. The legal malpractice involved negligent advice provided by appellants to the Togstads concerning their medical malpractice claim against Dr. Paul Blake. As a result of the negligent advice, the Togstads failed to proceed against Dr. Blake prior to the end of the 2-year statute of limitations for medical malpractice actions.

Appellants subsequently brought this suit for contribution or indemnity against Dr. Blake in Hennepin County District Court. Upon Dr. Blake's motion, the district court ordered appellants' complaint dismissed with prejudice for failure to state a claim upon which relief could be granted, and this appeal followed. We affirm.

▮ We consider first appellants' claim for contribution. Contribution is an equitable doctrine which "requires that those who contribute to an injury bear liability in direct proportion to their relative culpability." *Anderson v. Stream*, 295 N.W.2d 595, 600 (Minn.1980). A party seeking contribution in a tort action must prove "a common liability of joint tortfeasors to an injured party and the payment by one of the tortfeasors of more than his share of that liability." *Hart v. Cessna Aircraft Co.*, 276 N.W.2d 166, 168 (Minn.1979). This common liability must exist, if at all, at the time the tort is committed. *Ascheman v. Village of Hancock*, 254 N.W.2d 382, 384 (Minn.1977); *White v. Johnson*, 272 Minn. 363, 371, 137 N.W.2d 674, 679 (1965), overruled in part,

255 N.W.2d 362 (Minn.1977). The rationale underlying this common liability requirement is that "contribution is a remedy between co-tortfeasors. If a person is not liable to the injured party, co-tortfeasors do not exist, and contribution is unavailable." Note, *Contribution and Indemnity—An Examination of the Upheaval in Minnesota Tort Loss Allocation Concepts*, 5 Wm. Mitchell L.Rev. 109, 125–26 (1979).

■ In this case, there was no common liability at the moment either tort was committed. When Dr. Blake allegedly treated John Togstad in a negligent manner, the Togstads could have sued him for damages for personal injuries arising from medical malpractice at that time and throughout the 2-year statute of limitations period. However, the Togstads could not have sued appellants for negligent legal advice during this 2-year period because at this point they had suffered no damage arising from the legal malpractice. The Togstads' ability to sue appellants for damages arose only at the time, and indeed for the very reason, that they could no longer sue Dr. Blake, i.e., at the expiration of the limitations period for the medical malpractice claim.

Appellants and Dr. Blake committed separate and distinct torts, and committed them at different times; they were not jointly liable for either tort at any point in time. As R. Mallen and V. Levit, *Legal Malpractice* § 184 (Supp.1980) note:

[O]nly rarely is the attorney truly a joint tortfeasor with the would-be additional defendant. An attorney retained to pursue a client's cause of action or to protect the client from the wrongful conduct of another does not by his own negligence act in concert with or participate in the wrongful conduct of the client's adversary.

This is a case of first impression for the Minnesota Supreme Court. However, a similar set of facts was presented to a New York court in *Alexander v. Callanen*, 104 Misc.2d 762, 429 N.Y.S.2d 141 (Sup.Ct.1979). In dismissing the lawyers' third-party complaint for contribution against the doctors, the court reasoned as follows:

The third party [doctors] did not contribute to the injuries to the plaintiff caused by the lawyers. The lawyers did not contribute to the injuries allegedly caused by the doctors. Neither is entitled to contribution from the other.

One is a cause of action for damages for a personal injury. The other is for damages occasioned by a loss of a legal right. Albeit the damages might be identical, only one is for a personal injury. *Id.* at 763, 429ˑ N.Y.S.2d at 142. Other courts have agreed that an initial tort and the tort of legal malpractice, which arises from an attorney's negligent failure to file the initial tort claim within the limitations period, constitute "separate and distinct torts"; these courts have therefore denied attorneys' attempts to join the initial tortfeasors in the legal malpractice suit, *Schladensky v. Ellis*, 442 Pa. 471, 275 A.2d 663 (1971), and to bring a third-party complaint for contribution or indemnity against the initial tortfeasor, *Cleveland v. Farber*, 46 A.D.2d 733, 361 N.Y.S.2d 99 (1974).

Appellants rely on several Minnesota cases which have recognized the principle that neither an injured party's failure to sue a tortfeasor within the statute of limitations, *e.g.*, *Gustafson v. Johnson*, 235 Minn. 358, 51 N.W.2d 108 (1952), nor an injured party's failure to provide statutory notice of a claim against a tortfeasor, *e.g.*, *Hammerschmidt v. Moore*, 274 N.W.2d 79 (Minn.1978); *White v. Johnson*, 272 Minn. 363, 137 N.W.2d 674 (1965), overruled in part, 255 N.W.2d 362 (Minn.1977), precludes contribution against that tortfeasor. *See generally*, Kutner, *Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations*, 33 Okla.L.Rev. 203 (1980). Appellants' reliance is misplaced. In each of these cases, this court relied on the crucial fact that "the underlying common liability was never extinguished." *Spitzack v. Schumacher*, 308 Minn. 143, 146, 241 N.W.2d 641, 643 (1976). These cases stand for the proposition that the defenses of statute of limitations or lack of statutory notice do not necessarily destroy an already existing com-

mon liability; they do not support the proposition that these defenses may create a common liability which had not existed before.

■ Appellants further contend that an action in equity for contribution is appropriate even if the court concludes that common liability is absent. We have consistently denied recent attempts to modify or eliminate the common liability requirement. *See, e.g., Conde v. City of Spring Lake Park,* 290 N.W.2d 164 (Minn.1980); *Hart v. Cessna Aircraft Co.,* 276 N.W.2d 166 (Minn. 1979). However, we have expressed a willingness to modify the common liability requirement to achieve an "equitable result." *Id.* at 169. *See, e.g., Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977). Because "contribution is an equitable action, and the rules governing its use should promote the fair and just treatment of the parties," *Hart v. Cessna Aircraft Co.,* 276 N.W.2d 166, 169 (Minn.1979), the underlying equities of the case should be considered.

A decision in favor of appellants would largely undercut the efficacy of the 2-year statute of limitations for medical malpractice claims. The legislative intent of limiting physicians' liability would thereby be undermined. Such a decision would also serve to immunize lawyers as a group from legal malpractice suits. Lawyers would only be liable, if at all, for the interest on the amount of claims delayed (but never lost) because of their negligence. R. Mallen and V. Levit, *supra,* at § 184 discuss the underlying equities as follows:

Policy considerations, as yet unresolved by the courts, may come into play in the situation where the party to be added would have a complete defense to the plaintiff's claim, such as a statute of limitations. Joinder or contribution would not only nullify the protection of such a statute, but ironically the negligent attorney would be able to avoid (or minimize) liability by taking advantage of this second chance. Moreover, if apportionment of fault were permitted, a jury would face the logical impossibility of allocating fault between the person who truly caused the client's injury and the attorney who simply failed to sue the wrong doer.

Appellants seek indemnity as an alternative to their claim for contribution. "[I]ndemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties." *Hendrickson v. Minnesota Power & Light Co.,* 258 Minn. 368, 371, 104 N.W.2d 843, 847 (1960), overruled in part, 255 N.W.2d 362 (Minn.1977). In *Hendrickson,* we established five rules which delineate the circumstances where joint tortfeasors may recover indemnity. Appellants' claim fits only within rule 4, which allows indemnity "[w]here the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged." *Id.* at 373, 104 N.W.2d at 848 (footnote omitted).

The existence of joint tortfeasors is generally a prerequisite to the applicability of the *Hendrickson* rules. *See Lemmer v. IDS Properties, Inc.,* 304 N.W.2d 864, 868–69 (Minn.1980). Since appellants do not share common liability with Dr. Blake, they are not joint tortfeasors. Furthermore, rule 4 of the *Hendrickson* rules was expressly eliminated in *Tolbert v. Gerber Industries, Inc.,* 255 N.W.2d 362 (Minn.1977).

The trial court's order dismissing appellants' complaint with prejudice for failure to state a claim upon which relief, either for contribution or indemnity, could be granted is accordingly affirmed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.