■ GLORIA JAKOBLEFF, Plaintiff, v CERRATO, SWEENEY AND COHN et al., Defendants and Third-Party Plaintiffs-Appellants. WILLIAM A. JAKOBLEFF, Third-Party Defendant-Respondent, et al., Third-Party Defendant. — In an action to recover damages for legal malpractice, defendant third-party plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Buell, J.), entered March 31, 1983, which granted William A. Jakobleff's motion to dismiss the third-party complaint against him for failure to state a cause of action. Judgment affirmed, with costs. Plaintiff commenced this legal malpractice action against her former attorneys as a result of their failure to include a provision in her divorce judgment requiring the husband to pay the premiums for her medical insurance, even though a separation agreement expressly required the husband to do so. The defendant attorneys then brought a third-party action against plaintiff's former husband asserting claims for contribution and indemnity. Special Term subsequently granted the husband's motion to dismiss the third-party complaint against him. With respect to the cause of action for contribution, where two or more persons are subject to liability for the same harm, equitable apportionment of liability may be claimed among them, and it is not necessary that each of the persons be charged with the commission of a tort (see *Doundoulakis v Town of Hempstead*, 42 NY2d 440; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1401:3; Twentieth Ann Report of NY Judicial Conference, 1975, p 215). Here, however, the harm allegedly caused by the defendant attorneys, i.e., the loss of certain legal rights, was not the same as the harm resulting from the husband's alleged breach of the separation agreement (see *Cleveland v Farber*, 46 AD2d 733; *Alexander v Callanen*, 104 Misc 2d 762; *Vesely, Otto, Miller & Keefe v Blake*, 311 NW2d 3 [Minn]; *Schladensky v Ellis*, 442 Pa 471). While the third-party plaintiffs and William A. Jakobleff allegedly violated duties to the plaintiff, they did not share in responsibility for the same injury (see *Smith v Sapienza*, 52 NY2d 82). As to the cause of action for indemnity, it must be based either upon an express contract or a common-law theory of implied indemnity (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 152). In the absence of an express contract for indemnity, the third-party plaintiffs must show that they would be compelled to respond in damages for

the wrongful act of another, as when a party is held vicariously liable for another's negligence (*Rogers v Dorchester Assoc.*, 32 NY2d 553, 565-566). In this case, the attorneys are not being held responsible for another's wrong but are charged themselves with negligence which allegedly resulted in the loss of their client's legal rights. Accordingly, the claims for contribution and indemnification should be dismissed. Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.