OPINION OF THE COURT
Arthur B. Curran, J.
This is a motion by the third-party defendants, hereinafter referred to as Teetor-Dobbins, to dismiss the four “claims of relief” alleged against them by the third-party plaintiff, hereinafter referred to as Nalews.
In 1973, the Irondequoit Bay Pure Waters District and Nalews contracted with regard to the construction of a project entitled the Cross Irondequoit Pump Station. Nalews, as a general contractor, was to perform the construction work for the project in accordance with the requirements of the project’s plans and specifications. The plans *463 and specifications were designed and prepared by TeetorDobbins, the district’s architect.
On April 30, 1981, because of the failure of certain pumps to operate properly, the district terminated the services of Nalews for breach of contract.
The district commenced suit against Nalews and its bonding company, Hartford Accident and Indemnification Company, in December of 1982, for breach of contract. The district’s complaint alleged that the failure of Nalews to furnish and install nine raw sewage pumping units that meet the performance requirements of the contract constitutes a material breach of said contract.
Subsequently, Nalews instituted a third-party action against Teetor-Dobbins, et al. Nalews claimed that TeetorDobbins was negligent in its preparation and design of the plans and specifications for the project. Nalews alleged that the performance of the pumps was defective and not in compliance with the performance specifications of the parties’ agreement. Finally, Nalews sought indemnification and/or contribution from Teetor-Dobbins in the event the district should recover from Nalews in the main action.
Teetor-Dobbins brings the instant motion to dismiss the four “claims for relief” asserted against it in the third-party complaint upon the ground that these “claims for relief” fail to state causes of action.
The first issue raised is whether a “duty of care” must exist in order to sustain a cause of action against TeetorDobbins for indemnification to Nalews.
Generally, the obligation to indemnify a party may arise even in the absence of an express indemnity agreement. The right to indemnify does not depend upon the fact that the wrongdoer owed to the one charged with the liability a special or particular duty not to be negligent. (See IB Warren, NY Negligence, Indemnity and Contribution, § 2; 28 NY Jur, Indemnity, § 11.)
The case of Mauro v McCrindle (70 AD2d 77, 80, affd 52 NY2d 719), quoting from Oceanic Steam Nav. Co. v Compania Transatlantica Espanola (134 NY 461, 467-468), ruled that there is no need to establish a pre-existing duty or relationship as a basis for an action involving indemnification. “‘[0]ne who has been held legally liable for the *464 personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not, and that the right to indemnity does not depend upon the fact that the defendant owed the plaintiff a special or particular legal duty not to be negligent. The right to indemnity stands upon the principle that everyone is responsible for the consequences of his own negligence, and if another person has been compelled (by judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.’ ”
The court, in Mauro v McCrindle (supra, p 83), upheld the general proposition that implied indemnity exists regardless of any contractual relation or duty of care between the indemnitor and indemnitee. “It makes no difference whether the imputation of liability results from some special relationship (e.g., master-servant) or from some independent duty resulting from the indemnitee’s special position. It matters only that as between the two tortfeasors, the indemnitee is secondarily liable to the indemnitor and that the indemnitee has discharged a liability to the victim of the indemnitor’s tortious conduct. Thus, the right of indemnity exists independently of any special relationship or duty and rests instead on the parties’ relative responsibility as determined on the facts as a whole”.
Where the resultant injury caused by the third-party defendant’s actions is separate and distinct and unrelated to the injury committed by the third-party plaintiff, the third-party complaint must be dismissed. A cause of action for indemnity will not survive a motion to dismiss if the allegations are solely on the basis that the claims arose out of the same set of facts. (See Frey v Bethlehem Steel Corp., 30 NY2d 764 [separate and independent acts of negligence on defendants’ parts do not give rise to a claim of indemnity]; Cleveland v Farber, 46 AD2d 733; Addiego v Interboro Gen. Hosp., 81 Misc 2d 96.)
The Appellate Division reversed the finding of Special Term in the Crow-Crimmins-Wolff & Munier v County of Westchester (90 AD2d 785) matter. Special Term had dismissed the complaint of a third-party plaintiff and concluded that if the third-party defendant did not owe a duty *465 to anyone other than the plaintiff, the third-party complaint failed to state a cause of action. The appellate court reasoned that no duty is necessary in an action based on indemnity. “Special Term’s reliance on Alvord & Swift v Muller Constr. Co. (56 AD2d 761 * * *) and Underhill Constr. Corp. v New York Tel. Co. (56 AD2d 760 * * *) is misplaced. Neither of these cases addresses the issue now before this court. They focus solely upon whether a subcontractor can bring a direct claim for damages against the owner’s architect, rather than whether a third-party action for contribution can be brought. Although subtle, this difference in focus is significant. In the first type of action, without privity of contract there is no duty owed to the subcontractor by the architect and the subcontractor is barred from bringing a direct suit for damages (Alvord & Swift v Muller Constr. Co., supra; Underhill Constr. Corp. v New York Tel. Co., supra). However, in a third-party action for contribution no privity of contract is required in order to state a valid cause of action (Schauer v Joyce, 54 NY2d 1). Rather, this type of action requires that (1) the third-party defendant owes a duty to the plaintiff in the main action (in the instant case, the duty is owed to the defendant since the third-party action is based on a counterclaim); (2) there was a breach of this duty; and (3) the third-party defendant’s breach of this duty contributed to the plaintiff’s (here defendant’s) injuries (id.).” (Supra, at p 786.)
Teetor-Dobbins contends that since no duty of care to Nalews is alleged, Nalews’ cause of action should be dismissed. Teetor-Dobbins relies on the case of Alvord & Swift v Muller Constr. Co. (46 NY2d 276) as authority for its proposition. However, Alvord & Swift (supra) did not involve a third-party claim and/or a claim for indemnity.
In the case at bar, Nalews did not bring suit against Teetor-Dobbins directly. A claim for indemnification against Teetor-Dobbins, as third-party defendant, was alleged. Therefore, Nalews’ claim for indemnification may exist regardless of any contractual relation or duty of care between Nalews and Teetor-Dobbins. The plaintiff, Irondequoit Bay Pure Waters District, is claiming damages due to Nalews’ alleged failure to provide pumps that meet *466 certain contractual performance standards. Nalews’ third-party complaint may state a cause of action for indemnification in that if the pumps supplied to the plaintiff were defective, it was because of Teetor-Dobbins’ negligent design.
The second issue to be decided is whether Nalews’ claims for indemnification and/or contribution are proper with regard to whether Nalews may be liable for damages caused by Teetor-Dobbins’ fault.
An implied contract of indemnity is based on the theory that a party’s liability is secondary or derivative and that it will be found liable to the plaintiff for the fault of another.
Teetor-Dobbins argues that in the instant action, there is no basis for indemnity because Nalews cannot be found liable for damages caused by Teetor-Dobbins. Nalews contends that the pleadings reveal the possibility that Nalews could be liable to the district for the injuries and/or damages caused by Teetor-Dobbins’ negligence.
It is now well settled that a liberal construction is to be applied in testing the adequacy of a pleading on a motion to dismiss for failure to state a cause of action. All factual allegations in the complaint must be assumed to be true and the pleading is deemed to allege whatever cause of action that can be implied from its statement by fair and reasonable intendment. (See Underpinning & Foundation Constructors v Chase Manhattan Bank, 46 NY2d 459; 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506; Lupinski v Ilion, 59 AD2d 1050.)
In Carrols Equities Corp. v Villnave (76 Misc 2d 205, affd 49 AD2d 672), the court ruled that a third-party claim cannot be sustained unless the defendant can be held jointly or severally liable to the plaintiff for damages. The court found that the pleadings did not present any possible situation in which third-party pláintiff contractor could be found liable for any damages caused by negligence of the third-party defendant engineer. “On analysis of the pleadings, this court discerns no legal theory under which Villnave can be held liable to the plaintiff because of [the] breach by the third-party defendant, Eckerlin, of some *467 contractual or professional obligation owed by it to plaintiff.” (Supra, p 206.)
In City of Rochester v MacKnight, Kirmmse & French (75 AD2d 990), the court upheld a third-party action. The plaintiff alleged that the architects and engineers caused damage to its property by failing properly to design and supervise the construction of an ice rink and its cooling system. Furthermore, the contractor and its subcontractors failed to perform in a workmanlike manner and failed to provide equipment and materials of merchantable quality and fit for the purpose for which they were intended. The court thus concluded that under these pleadings, there exists the possibility that the proof may establish that both the cross-claiming defendants and the defendant contributed to causing the property damage. Thus, the court held that a motion to dismiss for failure to state a cause of action was properly denied.
The Third Department has upheld a third-party complaint where the possibility was raised that if the defendant was liable to the plaintiff, the third-party defendant may very well have shared some or all of the responsibility. (North Colonie Cent. School Dist. v MacFarland Constr. Co., 60 AD2d 685.) North Colonie concerned a third-party action brought by the contractor against the plaintiff’s architect; the basis for third-party liability was the allegation that the architect’s negligence was the cause of the contractor’s potential liability to the plaintiff. As opposed to the Carrols Equities case (supra [which was cited in a dissenting opn]), the Appellate Division found (p 686), “[Third-party plaintiff] is not simply asserting that it followed plans and specifications to the letter, by reason of which it cannot be cast in damages to the plaintiff, but is further complaining that if its work was faulty, [the architect] contributed to the situation.”
In the case at bar, a reading of the pleadings reveals that: (1) it is alleged in the complaint that Nalews supplied defective pumps; and (2) it is alleged in the third-party complaint that Teetor-Dobbins may be partially or totally responsible for causing the damage alleged in the manifest that the third-party defendant may be totally or partially liable for causing the plaintiff’s alleged damages.
*468 At this point in the instant action, neither the court nor the parties involved can conclusively identify whose negligence caused the resulting injury to the district. If Nalews is found liable in negligence to the district, then Nalews may be entitled to contribution from Teetor-Dobbins and/ or the alleged faulty manufacturer, i.e.,. third-party defendant, Morris Pumps.
Nalews’ pleadings raise an issue of fact, to wit: Nalews may be liable for damages caused by the fault of TeetorDobbins. Likewise, it is possible for Nalews to be liable to the district for damages caused by Teetor-Dobbins’ alleged negligence. Therefore, the court will not dismiss Nalews’ cause of action, numbered seventh in the third-party complaint for negligence.
Nalews’ eighth cause of action alleges that if the district recovers from Nalews on the ground that Nalews breached its contract with the district by supplying faulty or defective pumps, the third-party defendants, including TeetorDobbins, would be liable over to Nalews for the amount of recovery obtained against Nalews by the district in this action. Thus, the issue to be decided is whether CPLR 1007 permits third-party plaintiffs to assert claims other than those for strict liability.
CPLR 1007 provides that a defendant may proceed against a person not a party who is or may be liable to him for all or part of the plaintiff’s claim against him. The Court of Appeals has held that CPLR 1007 permits third-party plaintiffs to assert claims other than those for strict indemnity. In addition, such claims may be in excess of their liability in the main action. (See Cohen Agency v Perlman Agency, 51 NY2d 358.)
In the case at bar, the court finds no rationale for ruling that Nalews’ indemnity cause of action is improper. Therefore, the court will not dismiss Nalews’ complaint, as to Nalews’ claim for relief with regard to indemnification.
Nalews’ ninth claim for relief, likewise, will not be dismissed for failure to state a cause of action. Since no duty of care need be shown from Teetor-Dobbins to Nalews, the court will not substitute its judgment for that of the trial court. Nalews has raised an issue of fact as to whether *469 it has been injured by, among others, Teetor-Dobbins, thereby constituting a viable cause of action.
Finally, the court holds that the tenth claim for relief, in which Nalews seeks to recover $22,000, representing the amount expended by Nalews in attempting to rectify the problems in the pump station, constitutes a claim within the parameters of CPLR 1007.
Motions to dismiss for failure to state a cause of action should be scrutinized very carefully. Unless it is clear that issues of fact and/or law do not exist, the courts should make every effort to preserve a party’s day in court. In the case at bar, case law and statutory law upholds Nalews’ position that claims for relief have been satisfactorily stated. Whether or not Nalews will be successful on its claims, is not within the province of the court sitting at Special Term. Thus, the motion of Teetor-Dobbins to dismiss is denied in all respects.