922 F.2d 265
 Timothy S. and Leslie THRELKELD, Individually and as Tutors
of Meghan Threlkeld, Minor Plaintiffs,
v.
The HASKINS LAW FIRM, John T. Haskins, Lowver Hendricks,
Brad Hendricks, Jacquelyn C. Gregan, Kenneth L. King, Bruce
W. Claycombe, Robert Buckalew, Kevin Gregan and ABC
Insurance Company, Defendants/Third Party Plaintiffs/Appellants,
v.
Dr. Arthur CAIRE IV,
and
Slidell Memorial Hospital, Third Party Defendants/Appellees.
 Nos. 90-3001, 90-3214.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 30, 1991.
Rehearing Denied Feb. 28, 1991.
 
 Hulse, Nelson & Wanek, John A. Stewart, Jr., New Orleans, La., for defendants/third party plaintiffs/appellants.
 Samuel M. Rosamond, III, Charles A. Boggs, Boggs, Loehn & Rodrigue, New Orleans, La., for third party defendants/appellees.
 Randall L. Champagne, Watson, Blanche, Wilson & Posner, Baton Rouge, La., for Slidell Memorial Hosp.
 Appeals from the United States District Court For the Eastern District of Louisiana.
 Before THORNBERRY, JOHNSON and DAVIS, Circuit Judges.
 W. EUGENE DAVIS, Circuit Judge:
 
 
 1
 The parents of Meghan Threlkeld filed this legal malpractice suit against their former attorneys, the Haskins Law Firm (Haskins). The Threlkelds allege that Haskins allowed their medical malpractice claim to prescribe against the doctor and hospital involved in Meghan's delivery. Haskins then filed third-party claims against the doctor and the hospital for indemnity or contribution. The district court dismissed Haskins' third-party demands. We affirm.
 
 I.
 
 2
 In December 1984, Meghan Threlkeld was delivered by Dr. Arthur A. Caire IV (Caire) in Slidell Memorial Hospital (Slidell Memorial). She was later diagnosed as having cerebral palsy. Meghan's parents allege that Slidell Memorial and Caire committed medical malpractice during her birth. The Threlkelds contacted Haskins, a Texas-based law partnership, to represent them concerning the alleged medical malpractice. In June 1987, the Threlkelds sued Caire and Slidell Memorial for malpractice in Louisiana state court (No. 87-12908). The Threlkelds also filed a complaint with the Commissioner of Insurance to commence the state mandatory medical review proceeding.[1] In August 1987, the state district court granted the Threlkelds' motion to dismiss without prejudice their medical malpractice lawsuit (No. 87-12908).
 
 
 3
 Also in August 1987, Caire filed a pleading requesting a docket number (No. 87-13981) to conduct discovery for the medical review panel. Following discovery, Caire filed an exception of prescription in No. 87-13981. In September 1988, Caire obtained a judgment granting his exception of prescription and dismissing the Threlkelds' actions. That judgment is now final. In October 1988, the Commissioner of Insurance ended the medical malpractice proceeding begun by the Threlkelds' June 1987 complaint, and the Attorney/Chairman dissolved the medical review panel.
 
 
 4
 In June 1988, the Threlkelds sued Haskins in federal district court. In this diversity action, the Threlkelds alleged that Haskins committed legal malpractice by allowing their claims against Caire and Slidell Memorial to prescribe. Haskins then filed a third-party demand against Caire and Slidell Memorial for contribution or indemnity. The district court granted Caire and Slidell Memorial's motions for summary judgment, dismissing Haskins' third-party demands. The district court granted these summary judgments on two grounds: (1) if Haskins had any claims against Caire and Slidell Memorial, they had prescribed; and (2) Haskins could not assert a claim for either contribution or indemnity against Caire and Slidell Memorial. Haskins appeals these summary judgments that dismissed its claims against Caire and Slidell Memorial.
 
 
 5
 On appeal, Haskins argues extensively that the district court erred in holding that its third-party claims have prescribed.[2] In its third-party demand, Haskins "pray[ed] for a judgment over and against Slidell Memorial Hospital and Dr. Arthur Caire IV enforcing full indemnity, or alternatively, contribution." Because, as discussed below, we hold that Haskins has no legal ground to assert either an indemnity or a contribution claim against appellees, we need not address any of the prescription issues Haskins raises. We instead affirm the district court's summary judgments on the ground that Haskins has no legal basis to assert a claim for either indemnity or contribution against Caire or Slidell Memorial.
 
 II.
 
 6
 Louisiana law allows claims for tort indemnity only when the third-party plaintiff's negligence is passive or its fault is only technical or theoretical. See Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 46, 91 So. 539, 541 (1922); Sellers v. Seligman, 463 So.2d 697, 700 (La.Ct.App. 4th Cir.) ("a party who is actually negligent or actually at fault cannot recover tort indemnity"), writ denied, 464 So.2d 1379 (La.1985); see also Diggs v. Hood, 772 F.2d 190, 193 (5th Cir.1985); Ducre v. Executive Officers of Halter Marine, Inc., 752 F.2d 976, 985 (5th Cir.1985); Narcise v. Illinois Cent. Gulf R.R., 427 So.2d 1192, 1196 (La.1983). One example of a tortfeasor who may receive indemnity is an employer who is liable for the negligence of its employee under the doctrine of respondeat superior. See Ducre, 752 F.2d at 985. Haskins argues that it, like an employer, should be indemnified because it is only technically or constructively at fault for Meghan's physical injuries. It contends that any fault it had in allowing the Threlkelds' claim to prescribe was passive and the fault of appellees was active.
 
 
 7
 The Threlkelds argue that Haskins' fault was not technical or constructive. The Threlkelds assert that instead, Haskins was affirmatively negligent in allowing their medical malpractice action to prescribe.
 
 
 8
 We agree with the Threlkelds. The Threlkelds seek to recover from Haskins for the latter's affirmative negligence in allowing the Threlkelds' claims to prescribe. This recovery is not sought on a technical, constructive, or vicarious theory. As in Ducre, "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings and the evidence in the light most favorable to [Haskins], that could result in [Haskins] being cast in judgment for mere technical or passive fault." Id. (citation omitted); see also Henke v. Fox, 437 F.2d 815, 817 (7th Cir.1971) (alleged negligence of attorneys in failing to litigate claim "classifiable only as 'active' "). The district court correctly granted summary judgments dismissing Haskins' indemnity claims.
 
 III.
 
 9
 Haskins also argues that it has a valid claim for contribution because it is solidarily liable with Caire and Slidell Memorial for Meghan's injuries. "[C]ontribution is only allowed between tortfeasors who are solidarily liable." Narcise, 427 So.2d at 1195. "An obligation is solidary for the obligors when each obligor is liable for the whole performance." La.Civ.Code art. 1794. "[I]n other words, [the debt is solidary] when each debtor is obliged in totum et totaliter, as if he were the only debtor." 4 C. Aubry & C. Rau, Cours de droit civil francais Sec. 298b, at 18 (1 Civil Law Translations 1965). "Solidarity of obligation shall not be presumed." La.Civ.Code art. 1796. "This means that in case of doubt, the court cannot hold that the debtors are liable in solido." 2 M. Planiol, Traite elementaire de droit civil, No. 735, at 396 (La. St. L. Inst. trans. 1959).
 
 
 10
 "The only crucial element to a finding of solidarity is 'each debtor being obliged to the same thing.' " Joiner v. Diamond M Drilling Co., 688 F.2d 256, 263 (5th Cir.1982) (quoting Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 579 (La.1982)). "In other words that which the [solidary] obligors are bound to do ... is 'one and the same thing.' " 1 S. Litvinoff, Obligations Sec. 21, at 41 (6 Louisiana Civil Law Treatise 1969) (quoting La.Civ.Code art. 2092 (1870)). Because the damages the Threlkelds sought against Caire and Slidell Memorial are the same as those they now seek against Haskins, Haskins argues that it and appellees are all liable for the same thing and are therefore solidary obligors.
 
 
 11
 Haskins cites Joiner in support of its position. In Joiner, a seaman was injured aboard a ship. The seaman's condition steadily deteriorated under his doctor's care, and he died six days after the accident. The seaman's widow sued the shipowner and manufacturer for the death of her husband. The defendants then sued the decedent's doctor for contribution or indemnity claiming his malpractice ultimately caused the death. This court framed the contribution issue as "whether a tortfeasor and a physician whose malpractice aggravates the injuries of the tortfeasor's victim are solidary obligors under Louisiana law." 688 F.2d at 262 (emphasis in original). We explained that the negligence of the doctor, the shipowner, and the manufacturer all contributed to the seaman's death. Id. at 263. We concluded that because "they are each obligated for the same thing [i.e., Joiner's death], they are solidary obligors." Id.; see also Erdey v. American Honda Co., 415 So.2d 449, 451 (La.Ct.App. 1st Cir.1982) (doctor who aggravates injuries and initial tortfeasor are solidarily liable).
 
 
 12
 Haskins also relies upon the Louisiana Supreme Court's decision in Hoefly. Hoefly presented the issue "whether an automobile accident victim's uninsured motorist carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer." 418 So.2d at 576. The Hoefly court held that the tortfeasor and uninsured motorist (UM) carrier were solidary obligors as a "result from provisions of law." Id. The court explained that "[b]y effect of law and the terms of the insuring agreement, ... both the uninsured motorist carrier and the tortfeasor are obliged to the same thing." Id. at 578 (citing the UM statute, La. Rev. Stat. Ann. Sec. 22:1406(D)(1)(a)). Moreover, the Hoefly court "liberally construed [the UM statute] to carry out [its] objective of providing reparation for those injured through no fault of their own." Id. The Louisiana Supreme Court concluded that solidarity "result[ed] primarily from provisions of law, viz., the general rules of delictual responsibility [and] the uninsured motorist statute." Id. at 580.
 
 
 13
 The instant case is distinguishable from both Joiner and Hoefly. In Joiner, the doctor's treatment of the seaman allegedly worsened his injuries. Thus the liability of the doctor and the shipowner and manufacturer were for the same thing: Joiner's death. Haskins readily admits that it had nothing to do with causing Meghan's physical injuries. Thus, unlike in Joiner, Haskins and Caire and Slidell Memorial are not liable for the same thing. Hoefly is also distinguishable. In that case, the Louisiana Supreme Court liberally construed a remedial statute to further its purpose. The Hoefly court repeatedly noted that the UM carrier was solidarily liable with the uninsured motorist by operation of law. Although solidarity is not presumed, it may arise from law. La. Civ.Code art. 1796. Unlike in Hoefly, no Louisiana statute supports Haskins' claim to solidarity.
 
 
 14
 Haskins and Caire and Slidell Memorial are not liable to the Threlkelds for the same thing because they all did not cause the same injury. The Threlkelds allegedly suffered two distinct injuries: one resulting from medical malpractice at birth and the second resulting from legal malpractice in handling the Threlkelds' claim. The obligation for the first injury is to pay the damages flowing from the physical injuries; the obligation for the second injury is to rectify damages for loss of an opportunity to assert a legal claim. These obligations are fundamentally different. Slidell Memorial and Caire would be liable for any harm based on their alleged medical malpractice in 1984. Haskins would be liable for any harm resulting from its alleged legal malpractice in 1987. No solidarity exists between Haskins and Caire and Slidell Memorial because the three parties are not liable to the Threlkelds for the same thing.
 
 
 15
 We note that other jurisdictions consistently have held that attorneys sued for legal malpractice have no valid claims for contribution against the alleged original wrongdoer. Similar to our decision, these courts conclude that the attorneys sued for legal malpractice and the original tortfeasors are not liable for the same thing. For example, the Minnesota Supreme Court has said:
 
 
 16
 "The third party (doctors) did not contribute to the injuries to the plaintiff caused by the lawyers. The lawyers did not contribute to the injuries allegedly caused by the doctors. Neither is entitled to contribution from the other.
 
 
 17
 One is a cause of action for damages for a personal injury. The other is for damages occasioned by a loss of a legal right. Albeit the damages might be identical, only one is for a personal injury."
 
 
 18
 Vesely, Otto, Miller & Keefe v. Blake, 311 N.W.2d 3, 5 (Minn.1981) (quoting Alexander v. Callanen, 104 Misc.2d 762, 763, 429 N.Y.S.2d 141, 142 (Sup.Ct.1979)); see also Jakobleff v. Cerrato, Sweeney & Cohn, 97 A.D.2d 786, 468 N.Y.S.2d 894, 895 (1983) ("the harm allegedly caused by the defendant attorneys, i.e., the loss of certain legal rights, was not the same as the harm resulting from the [original wrongdoer]"); Cleveland v. Farber, 46 A.D.2d 733, 361 N.Y.S.2d 99, 100 (1974) ("the wrong committed by third-party defendants [the original tortfeasors] is separate, distinct and not related in any way to the wrong committed by third-party plaintiff [attorney]"); Schladensky v. Ellis, 442 Pa. 471, 475, 275 A.2d 663, 665 (1971) ("[t]he wrongful acts [of the attorneys and original tortfeasors] are separate and distinct"); American Metal Fabricators Co. v. Goldman, 227 Pa.Super. 284, 288, 323 A.2d 891, 893 (1974) (" 'The negligent conduct asserted by (the attorney) against the [original tortfeasors] cannot be equated with that which the plaintiffs assert against him.' ") (quoting Schladensky, 442 Pa. at 475, 275 A.2d at 665). See generally Annotation, Legal Malpractice: Defendant's Right to Contribution or Indemnity from Original Tortfeasor, 20 A.L.R.4th 338 (1983).
 
 
 19
 In conclusion, we hold that the district court correctly granted summary judgments dismissing Haskins' contribution claims because Haskins and Caire and Slidell Memorial are not solidarily liable to the Threlkelds.
 
 
 20
 Accordingly, the district court's judgments dismissing Haskins' third-party complaint for contribution and indemnity are
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Under Louisiana law, medical malpractice claims must be submitted to a medical review panel before suit is filed in state court. La. Rev. Stat. Ann. Sec. 40:1299.47(B) (West Supp.1990)
 
 
 [2]
 In holding that Haskins claims were time barred, the district court relied on Louisiana Revised Statute Sec. 9:5628. This prescriptive statute for medical malpractice actions provides:
 No action for damages for injury or death against [a qualified health care provider], whether based on tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged [malpractice] or within one year from the date of discovery of the alleged [malpractice]; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged [malpractice].
 La. Rev. Stat. Ann. Sec. 9:5628(A). In this case, the alleged malpractice occurred in December 1984, and Haskins filed its third-party demand in March 1989. The district court held that because Haskins filed its third-party demand more than three years after the alleged malpractice occurred its action had prescribed under Sec. 9:5628.