■ STANLEY NORDHEIMER et al., Plaintiffs, v CHARLES F. McMORROW, Defendant and Third-Party Plaintiff-Appellant. ADAM S. CALDERONE et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered November 27, 1990, which dismissed the first and second causes of action of the third-party complaint and directed discovery be held regarding the third cause of action for fraud, unanimously affirmed, without costs.

In the main action, plaintiffs were represented by defendant third-party plaintiff as attorney in the purchase of a lease from third-party defendants. Although a written assurance was given by the third-party defendants that the property was free from tax liability, an audit thereafter determined that third-party defendants had failed to pay sales and use taxes. It was further determined that the transaction was a bulk sale and that the failure to notify the Tax Commissioner of the proposed sale rendered plaintiffs personally liable for the debt (Tax Law § 1141 [c]). Plaintiffs commenced this action against defendant for malpractice and defendant impleaded third-party defendants, alleging negligence, breach of contract and fraud. The third-party defendants moved for summary judgment and the IAS court found only the cause of action for fraud to be viable.

The proximate cause of plaintiffs' alleged injuries was not the failure of the third-party defendant to pay the taxes, but rather the defendant attorney's failure to notify the Tax Commission of the bulk sale as required by law *(see, Harcel Liqs. v Evsam Parking,* 48 NY2d 503). Further, plaintiffs' malpractice action against defendant alleges a separate and distinct injury caused solely by the attorney's failure to protect plaintiffs' legal rights *(see, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 786). The court thus properly dismissed the negligence action. Further, as there is no privity between the defendant attorney and the third-party defendants, no cause of action in contract lies. However, a cause of action for fraud was sufficiently pleaded *(Lanzi v Brooks,* 54 AD2d 1057, 1058, *affd* 43 NY2d 778, *mot to amend remittitur granted* 43 NY2d 947), and the court properly ordered discovery on that issue. Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.

■ SARA CENSOR, Individually and as Administratrix of the