■ FRANCIS EDOUARD et al., Plaintiffs, v GINSBERG & BROOME, P. C., et al., Defendants and Third-Party Plaintiffs-Appellants. MATHILDE EDOUARD et al., Third-Party Defendants; MAIMONIDES MEDICAL CENTER et al., Third-Party Defendants-

Respondents. [645 NYS2d 865] —In an action, *inter alia,* to recover damages for legal malpractice, the defendants third-party plaintiffs Ginsberg & Broome, P. C., Robert M. Ginsberg, and Alvin H. Broome appeal from (1) an order of the Supreme Court, Queens County (Smith, J.), dated August 18, 1994, which granted the motions of the third-party defendants Maimonides Medical Center, Flatbush Medical Group, and Edith Prostkoff, as Executrix of the Estate of Abraham Prostkoff, for summary judgment dismissing the third-party complaint as against them and (2) an order of the same court, dated December 28, 1994, which granted the motions of the second third-party defendants Home Insurance Co., Bertholon-Rowland Corp., and Petrocelli & Presti, Inc., to dismiss the second third-party complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiffs hired the appellants Ginsberg & Broome, P. C., Robert M. Ginsberg, and Alvin H. Broome (collectively Ginsberg & Broome) to prosecute a claim for damages arising from, among other things, medical malpractice. However, the action was ultimately dismissed because, among other reasons, it was not commenced within the relevant Statute of Limitations period. The plaintiffs thereafter commenced this action, *inter alia,* to recover damages from Ginsberg & Broome for legal malpractice. Ginsberg & Broome commenced third-party actions. The first, for contribution, was against the defendants in the dismissed medical malpractice action, Maimonides Medical Center, Flatbush Medical Group and Edith Prostkoff, as Executrix of the Estate of Abraham Prostkoff (collectively the medical defendants). The second third-party action, sounding in both breach of contract and negligence, was against Ginsberg & Broome's former malpractice insurance carrier, Home Insurance Co., and the two brokers through whom the insurance was procured, Bertholon-Rowland Corp. and Petrocelli & Presti, Inc. (collectively the insurance defendants). Ginsberg & Broome argue that the insurance defendants' failure to notify them of an additional period of coverage available after the policy term had expired resulted in a lack of insurance during the period at issue. We now affirm the dismissal of the third-party complaints as against the medical defendants and the insurance defendants.

Pursuant to CPLR 1401, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them" *(see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 602-603). Here, however, the injury allegedly caused by Ginsberg & Broome, i.e., the loss of

certain legal rights, is not the "same" injury as the one allegedly caused by the medical malpractice, although the damages might be identical *(see, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 786; *Nordheimer v McMorrow,* 176 AD2d 600; *Alexander v Callanen,* 104 Misc 2d 762). Accordingly, Ginsberg & Broome's claim for contribution from the medical defendants was properly dismissed.

Further, the insurance defendants had no duty, either in contract or in tort, to notify Ginsberg & Broome of the availability of an additional period of malpractice insurance coverage. To the contrary, the subject policy clearly places the burden of requesting such additional coverage on Ginsberg & Broome *(see, Stabulas v Brooks Piece Dye Works Corp.,* 111 AD2d 803). Accordingly, Ginsberg & Broome's claims against the insurance defendants were properly dismissed *(see, Gertler v Goodgold,* 66 NY2d 946; *Lovisa Constr. Co. v Metropolitan Transp. Auth.,* 198 AD2d 333; *Manchester Equip. Co. v Panasonic Indus. Co.,* 141 AD2d 616, 618).

We have considered Ginsberg & Broome's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Pizzuto, JJ., concur.