In an action to recover damages for legal malpractice, the third-party defendant appeals from (1) a decision of the Supreme Court, Nassau County (Feinman, J.), entered April 27, 2011, and (2), as limited by his brief, from so much of an order of the same court entered June 13, 2011, as, upon the decision, denied that branch of his motion which was to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).
Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the motion which was to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) is granted; and it is further,
Ordered that one bill of costs is awarded to the third-party defendant.
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010]). Here, the defendants/ third-party plaintiffs asserted a single cause of action to recover from the third-party defendant any sum which the plaintiffs may recover against them in the main action on the theory of common-law indemnification. “[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is ‘a separate duty owed the indemnitee by the indemnitor’ ” (Raquet v Braun, 90 NY2d 177, 183 [1997], quoting Mas v Two Bridges *910 Assoc., 75 NY2d 680, 690 [1990]). Indemnity “may be based upon an express contract, but more commonly the indemnity obligation is implied . . . based upon the law’s notion of what is fair and proper as between the parties” (Mas v Two Bridges Assoc., 75 NY2d at 690).
According to the allegations in the third-party complaint, the defendants/third-party plaintiffs are attorneys being sued in the main action to recover damages for legal malpractice based upon their own negligence, which allegedly resulted in the loss of their client’s legal rights (see Lovino, Inc. v Lavallee Law Offs., 96 AD3d 910 [2012] [decided herewith]). While the defendants/ third-party plaintiffs and the third-party defendant both allegedly violated duties to the plaintiffs in the main action, they did not violate the same duty or share responsibility for the same injury, and the defendants/third-party plaintiffs are not being compelled to pay damages for the wrongful act of the third-party defendant (see Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 786, 786-787 [1983]). Accordingly, the Supreme Court should have granted that branch of the motion which was to dismiss the third-party complaint on the ground that it failed to state a cause of action for common-law indemnification (id.). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.