■ BBIG REALTY CORP., Plaintiff, v JEROME GINSBERG, Defendant and Third-Party Plaintiff-Respondent. KENNETH PONTIKES, Third-Party Defendant-Appellant. — Order, Supreme Court, New York County (Shorter, J.), entered April 12, 1984, which denied third-party defendant's motion to dismiss the third-party

complaint, unanimously reversed, on the law, the motion granted and the third-party complaint dismissed, with costs.

This appeal arises out of negotiations concerning the proposed sale of third-party defendant Pontikes' cooperative apartment located at 425 East 85th Street in Manhattan. Pontikes retained the services of Byron Greenfield of the plaintiff BBIG Realty Corp. to sell the apartment at a price of $500,000, including commissions. Greenfield contacted a potential purchaser, the defendant and third-party plaintiff Ginsberg, who orally offered $470,000. The possibility of Ginsberg assuming the payment of the commission rather than the seller Pontikes was discussed. Subsequently, a contract of sale was drawn by the broker Greenfield which provided for a net price to the seller of $470,000 with the purchaser paying any commission due. This contract was executed by Pontikes but not by the proposed purchaser Ginsberg, who sought time in which to review the cooperative corporation's financial statements as well as other aspects of the sale. Pontikes, while Ginsberg still had matters under consideration, withdrew his offer to sell. The broker thereupon sued the proposed purchaser Ginsberg for $28,200, representing the customary commission of 6% on a net selling price of $470,000. Ginsberg in turn commenced a third-party action against the proposed seller Pontikes, asserting that in the event that he, Ginsberg, were held liable for the broker's commission, such liability was caused by Pontikes' withdrawal of his offer to sell the apartment and that Pontikes should be held accountable as the broker's principal. Among the affirmative defenses to the third-party complaint asserted by Pontikes were failure to state a cause of action and the lack of any agreement between him and either BBIG Realty or Ginsberg.

Special Term denied Pontikes' motion for summary judgment dismissing the third-party complaint, finding issues of fact as to whether the broker was acting as Pontikes' agent and whether Ginsberg had been given an adequate opportunity to reject the offer. These issues are collateral at best to the primary issue of whether the third-party complaint alleges any facts upon which Pontikes could be held liable for the broker's commission claim against Ginsberg.

CPLR 1007 permits a defendant to implead "a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him" into the primary action by instituting a third-party action. Consistent with CPLR 3014, the third-party complaint may contain alternative, hypothetical or inconsistent causes of action and such a pleading will be sustained as long as the facts alleged do not necessarily preclude

liability on the primary defendant's part. (*Cohen Agency v Perlman Agency,* 51 NY2d 358.) Impleader is available even if the impleaded party owes no duty whatsoever to the primary plaintiff. (*Garrett v Holiday Inns,* 58 NY2d 253, *modfg* 86 AD2d 469.) However, the liability sought to be imposed upon a third-party defendant must arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action. (*Cleveland v Farber,* 46 AD2d 733; *Fladerer v Needleman,* 30 AD2d 371.) With regard to the primary action, we initially note the highly questionable nature of the broker's claim to have produced a ready, willing and able seller. It is not disputed that the proposed seller Pontikes withdrew his offer in writing prior to any acceptance by Ginsberg. It is equally apparent that Pontikes never agreed to pay any compensation to BBIG Realty whether as straight commission or in the form of a reduced selling price with the purchaser assuming the commission. In order to defeat a motion for summary judgment, a party "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim * * * mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York,* 49 NY2d 557, 562). In light of the facts alleged, the bare allegation of the third-party complaint that Pontikes is answerable for any liability incurred by Ginsberg is insufficient. The third-party complaint is also insufficient insofar as it seeks to impose liability on agency grounds. Third-party plaintiff Ginsberg has not alleged any actions on the broker's part which could give rise to liability for which the purported principal Pontikes could be held accountable. Concur — Murphy, P. J., Sandler, Carro, Milonas and Ellerin, JJ.