■ MARIJANE LUCCI, Plaintiff, v ROBERT J. LUCCI, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. CHARLES J. COFFYN et al., Third-Party Defendants-Respondents.—In an action for a divorce and ancillary relief, the defendant third-party plaintiff husband appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered August 18, 1988, which granted the third-party defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff wife commenced the instant action against her husband, the defendant Lucci, and three other defendants, seeking a divorce and ancillary relief, including, *inter alia,* equitable distribution and the imposition of constructive trusts on certain properties. The plaintiff has three children from a prior marriage. The defendants' answer contained five counterclaims. The fifth counterclaim asserted against the plaintiff was labeled as one for "a constructive trust and/or credit for plaintiff's dissipation of marital assets". Specifically, the fifth counterclaim alleged, *inter alia:*

"THIRTY-EIGHTH: That from approximately on or about 1975 through 1985, plaintiff acted as bookkeeper, cashier, etc. of the

Adirondack Hotel operation in Long Lake, New York and received and controlled the cash receipts.

"THIRTY-NINTH: That, during this period, plaintiff did conspire to and did transfer to her own account, use and benefit and to the account use and benefit of her children [from her prior marriage] great sums of money all of which was the unlawful, fraudulent deceitful conversion and dissipation of marital assets * * *.

"FORTY-THIRD: That defendant has demanded of plaintiff that she repay to defendant the sums dissipated in the amount of $300,000.00, but plaintiff, contrary to equity and good conscience and in violation of the aforesaid trust has refused to reconvey such monies and still refuses to reconvey the aforesaid monies and has denied defendant's rights therein".

Thereafter, the defendant third-party plaintiff commenced a third-party action pursuant to CPLR article 10, against the plaintiff's three children from her prior marriage, *inter alia,* alleging that they, together with the plaintiff, had fraudulently dissipated "marital monies" in the amount of $300,000. Upon the motion of the third-party defendants, the Supreme Court dismissed the third-party complaint "without prejudice".

The liability to be imposed upon a third-party defendant in a third-party action commenced pursuant to CPLR 1007 should "arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" *(BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93; *see also, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 786). However, in the case at bar, as the Supreme Court properly noted: "defendant's liability for equitable distribution and/or constructive trust is neither a function of nor related to any of the alleged wrongdoing committed by the third-party defendants".

Accordingly, the Supreme Court properly held that "[i]n light of the availability of joinder and the nature of defendant's complaint, the appropriate procedural vehicle to accomplish defendant's goal * * * is a counterclaim" in the instant action, against the plaintiff's three children *(see,* CPLR 3019 [a]).

We have examined the defendant third-party plaintiff's remaining arguments and find them to be without merit. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.