■ ALBERT DeLUCA et al., Appellants-Respondents, v PATRI-

CIA LETT et al., Defendants, SCOTT RUBENSTEIN et al., Defendants and Third-Party Plaintiff-Respondent, et al., Defendant and Third-Party Plaintiff. SCHUTZ-COHEN ASSOCIATES, INC., Third-Party Defendant-Respondent-Appellant.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered January 29, 1990, as granted that branch of the motion of the defendant third-party plaintiff Scott Rubenstein which was for summary judgment dismissing the complaint insofar as it is asserted against him, and the third-party defendant Schutz-Cohen Associates, Inc., cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of Scott Rubenstein as was for summary judgment in his favor on his third-party complaint against it.

Ordered that the order is affirmed insofar as appealed from by the plaintiffs, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from by third-party defendant Schutz-Cohen Associates, Inc., on the law, without costs or disbursements, and upon searching the record, the third-party complaint insofar as it is asserted on behalf of the defendant third-party plaintiff Scott Rubenstein against third-party defendant Schutz-Cohen Associates, Inc., is dismissed.

Pursuant to a contract between the defendant third-party plaintiff Scott Rubenstein (hereinafter Rubenstein) and the third-party defendant Schutz-Cohen Associates, Inc. (hereinafter Schutz-Cohen), Schutz-Cohen agreed to build a single-family dwelling on Scott Rubenstein's land. Several provisions in the contract specified that Schutz-Cohen would have complete supervisory authority and control over the project, including the maintenance of the worksite and the providing of necessary tools and equipment to carry out the construction. The record reveals that Rubenstein did, in fact, completely relinquish all control over the project.

During construction of the dwelling, the plaintiff Albert DeLuca, one of Schutz-Cohen's employees, fell from the scaffolding on which he was working and sustained personal injuries. Mr. DeLuca and his wife thereafter sued Rubenstein for negligence in violation of Labor Law §§ 200, 240 and 241. Rubenstein moved for summary judgment against the plaintiffs on the theory that he was not liable to them under any of the cited sections of the Labor Law because he had exerted no supervision or control over the construction and, as the owner

of a single-family dwelling being constructed, he was exempt from absolute liability for workers' injuries. In the alternative, Rubenstein moved for summary judgment in his favor on the third-party complaint against the general contractor Schutz-Cohen for indemnification. The court granted Rubenstein's motion in all respects. We conclude that summary judgment was proper to the extent that it was granted to Rubenstein against the plaintiffs on the theories interposed in the main complaint.

Labor Law § 200 codifies the common law duty under which owners of premises and general contractors owe a duty to their workers to exercise reasonable care to render their workplaces safe. Labor Law §§ 240 and 241, which otherwise impose liability for failure to provide a safe workplace with adequate safety devices, contain exemptions from liability for workers' injuries for "owners of one and two family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241).

There is nothing in the record before us which suggests that DeLuca's injuries were occasioned by anything other than Schutz-Cohen's own "plant, tools and methods, or through negligent acts of the subcontractor occurring as a detail of the work" (*Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145; *cf., Santamaria v RRI Realty Corp.,* 149 AD2d 680). Indeed, the record establishes that Rubenstein had no actual or constructive notice of any defective or dangerous condition (*Santamaria v RRI Realty Corp., supra; Dube v Kaufman,* 145 AD2d 595). Since it is clear that Rubenstein relinquished supervisory control over the workplace, he cannot be held liable under Labor Law § 200 (*see, Santamaria v RRI Realty Corp, supra; Dube v Kaufman, supra; see also, Persichilli v Triborough Bridge & Tunnel Auth., supra; De Crisci v P & C Food Mkts.,* 107 AD2d 1029; *Copertino v Ward,* 100 AD2d 565). Moreover, there is no merit to the plaintiffs' assertion that because Rubenstein hoped to realize commercial gain on sale of the dwelling, he cannot rely on the exemptions from the application of the statutes (Labor Law § 240 [1], § 241; *see, Cannon v Putnam,* 76 NY2d 644; *Van Amerogen v Donnini,* 156 AD2d 103, 105-106; *see, Schwartz v Foley,* 142 AD2d 635).

Although we conclude that Supreme Court properly granted Rubenstein summary judgment, it should not have also granted his alternative request for summary judgment in his favor on the third-party complaint he interposed against Schutz-Cohen. Since the Supreme Court determined that Ru-

benstein cannot be held liable to the plaintiffs pursuant to the Labor Law, there is no damage for which Schutz-Cohen can be compelled to indemnify Rubenstein *(see,* CPLR 1007; *BBIG Realty Corp. v Ginsberg,* 111 AD2d 91; *Scivetti v Niagara Mohawk Power Corp.,* 33 AD2d 884), and the Supreme Court should have dismissed the third-party complaint insofar as it is asserted on behalf of Rubenstein against Schutz-Cohen *(see,* CPLR 3212 [b]). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.