■ KARL SKLAR et al., Plaintiffs, v GLENN GARRETT, Defendant, and PAULA MOSKWIK, Defendant and Third-Party Plaintiff-Respondent. ALAN PESERI, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [599 NYS2d 846] —In an action for an accounting and indemnification, and to recover damages for intentional infliction of emotional distress, the third-party defendant Alan Peseri appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 5, 1991, which denied his motion for summary judgment dismissing the amended third-party complaint, and granted the third-party plaintiff's cross motion for leave to amend the amended third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment dismissing the amended third-party complaint is granted, and the cross motion for leave to amend the amended third-party complaint is denied.

The proposed "second amended and supplemental third-party complaint" fails to state any cause of action arising from or conditioned upon the liability of the third-party plaintiff Paula Moskwik claimed by the plaintiffs Karl and Ellen Sklar (hereinafter the Sklars) in the main action. Therefore, the motion for summary judgment dismissing the amended third-party complaint should have been granted and the cross motion to amend the amended third-party complaint is denied *(see, Lucci v Lucci,* 150 AD2d 649; *Probst v Albert Einstein Med. Ctr.,* 82 AD2d 739). The record reveals no evidence of a partnership or a joint venture involving Moskwik and the appellant that could provide grounds for requiring an accounting *(see,* Partnership Law § 40; *Ramirez v Goldberg,* 82 AD2d 850). The appellant never signed either of the promissory notes executed by Moskwik to the Sklars, nor does the proposed "second amended and supplemental third-party complaint" set forth any other grounds for a claim that the appellant is under a duty to indemnify Moskwik for the amount of any award or judgment based on those notes.

Finally, no grounds are stated for a cause of action based on intentional infliction of emotional distress *(see, Freihofer v Hearst Corp.,* 65 NY2d 135). Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.