■ JAMES DUNHAM, Respondent, v HILCO CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent, MARC BEIGE et al., Respondents, and IRA S. SALK CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Appellant. LOUIS CALHOUN, Third-Party Defendant-Appellant. [634 NYS2d 208] —In an action to recover damages for personal injuries, the defendant second third-party plaintiff Ira S. Salk Construction Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated March 4, 1994, as, upon, in effect, granting reargument, adhered to so much of a prior determination as denied those branches of its motion which were for summary judgment dismissing the plaintiff's causes of action based on Labor Law § 241 (6), and the plaintiff's cause of action based on common-law negligence, and granted the plaintiff's cross motion for leave to serve a supplemental bill of particulars, and Louis Calhoun the first and second third-party defendant separately appeals, as limited by his brief, from so much of the same order as, upon, in effect, granting reargument, adhered to the prior determination denying his motion for summary judgment dismissing the first and second third-party complaints.

Ordered that the order is reversed, on the law, the motions for summary judgment are granted, the plaintiff's cross motion to serve an amended bill of particulars is denied, and, upon searching the record, the complaint and first and second third-party complaints are dismissed in their entirety; and it is further,

Ordered that the appellants appearing separately and filing separate briefs are awarded one bill of costs payable by the plaintiff.

The plaintiff, an employee of the third-party defendant Louis Calhoun (hereinafter Calhoun), was injured while working at a construction site owned by the defendants Marc, Howard, Joel, and Maxine Beige (hereinafter the Beiges), while he and an employee of another subcontractor, Hilco Construction Company, Inc. (hereinafter Hilco), were carrying a 15-foot steel "reinforcement bar" weighing some 16 to 18 pounds. The plaintiff commenced an action against Hilco, the Beiges, and the general contractor, Ira S. Salk Construction Corporation (hereinafter Salk), for common-law negligence and for violations of Labor Law §§ 200, 240, and 241 (6). Salk and Hilco commenced third-party actions against the plaintiff's employer, Calhoun. The plaintiff subsequently conceded that he had no causes of action under Labor Law §§ 200 and 240.

All the defendants except Hilco moved for summary judgment dismissing the complaint, and Calhoun moved for summary judgment dismissing the third-party complaints. After their motions were denied, Salk moved to "renew" and Calhoun moved to "renew and reargue" their motions. These new motions were really applications for reargument, because they were not based upon any additional material facts, and, in the case of the challenge to the plaintiff's Labor Law § 241 (6) cause of action, were grounded upon a change in the law as stated by the Court of Appeals in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) *(see, e.g., Matter of Huie [Furman],* 20 NY2d 568; *Savory v Romex Realty Corp.,* 194 AD2d 601). Ordinarily no appeal lies from an order denying reargument *(see, Savory v Romex Realty Corp., supra).* However, where, as here, the court denies the motion to reargue but addresses the merits of the motion, and then adheres to its original determination, the order is appealable *(see,* CPLR 5517 [a] [1]; *Price v Palagonia,* 212 AD2d 765; *Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457).

Upon granting reargument, the court should have granted the motions to dismiss the causes of action based on Labor Law § 241 (6), and should have denied the plaintiff's cross motion for leave to serve an amended bill of particulars, because the plaintiff failed to cite in his purported amended bill of particulars any "concrete specifications" of the Industrial Code which, upon the facts of this case, could be said to have been violated by the defendants *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *see also, Goordineer v County of Orange,* 205 AD2d 584). In view of this fact, and upon searching the record, we conclude that the plaintiff's cause of action based on Labor Law § 241 (6) should be dismissed as to all defendants, including the Beiges, the owners of the premises under construction.

In addition, because the plaintiff previously consented to the dismissal of his causes of action under Labor Law § 200 and because Labor Law § 200 is merely a codification of an owner's and general contractor's common-law duty to provide workers with a safe place to work *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; DeLuca v Lett,* 173 AD2d 760), the plaintiff's common-law negligence cause of action as against all the defendants should likewise be dismissed.

Accordingly, the complaint and both the first and second third-party complaints are dismissed in their entirety. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.