■ Sunbelt Rentals, Inc., Plaintiff, v Tempest Windows, Inc., et al., Defendants, J Construction Company, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, and Westchester Fire Insurance Company, Defendant/Third-Party Defendant-Appellant. [943 NYS2d 197]—

In an action, inter alia, to recover damages for breach of contract, the defendant third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Silber, J.), dated January 7, 2011, as denied its motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint, and granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the first cause of action in the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant third-party defendant pursuant to CPLR 3211 (a) to dismiss the third-party complaint is granted, and that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the first cause of action in the third-party complaint is denied.

Banner Avenue, LLC (hereinafter Banner), the owner of two adjacent parcels of real property in Brooklyn, contracted with J Construction Company, LLC (hereinafter J Construction), to build two new condominium buildings on the parcels. J Construction thereafter entered into two separate contracts with Tempest Window, Inc. (hereinafter Tempest), to install windows in the condominiums. Westchester Fire Insurance Company (hereinafter Westchester) issued a performance bond as surety for Tempest. Tempest, in turn, contracted with Sunbelt Rentals, Inc. (hereinafter Sunbelt), for the rental of construction equipment.

In January 2009 Sunbelt, claiming that Tempest had not paid it for the rented equipment, filed a notice of mechanic's lien referable to the real property. Thereafter, Sunbelt commenced this action against Tempest and its president, James Thomasino, and against J Construction, Banner, and Westchester, as surety for Tempest, among other things, to foreclose the mechanic's lien. Tempest answered, and asserted a cross claim against J Construction alleging breach of the two contracts between it and J Construction.

Thereafter, upon Westchester's settlement payment to Sunbelt, the parties entered into a stipulation discontinuing, with prejudice, all of Sunbelt's claims against all of the defendants. The stipulation also provided that Tempest's cross claim against J Construction would survive, and that J Construction would have the right to answer the cross claim and to assert its own cross claims against Tempest and Thomasino.

J Construction subsequently answered Tempest's cross claim, and both J Construction and Banner asserted cross claims against Tempest, including a cross claim sounding in breach of contract that alleged, among other things, poor workmanship, lateness, and default in the completion of the project. J Construction and Banner also asserted cross claims against Westchester, as Tempest's surety.

Westchester moved pursuant to CPLR 3211 (a) to dismiss the cross claims on various grounds. By stipulation dated May 3, 2010, J Construction and Banner withdrew the cross claims they asserted against Westchester, albeit without prejudice to the reassertion of those claims in the proper forum.

Subsequently, J Construction and Banner (hereinafter together the third-party plaintiffs) commenced a third-party action against Westchester seeking, in the first cause of action, a judgment declaring that Westchester is obligated to indemnify J Construction for losses it incurred in connection with the contracts between J Construction and Tempest. The second cause of action sought a money judgment against Westchester in connection with the alleged breach of the contracts between J. Construction and Tempest. In an order dated January 7, 2011, the Supreme Court, among other things, denied Westchester's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint, and granted that branch of the third-party plaintiffs' cross motion which was for summary judgment on the first cause of action in the third-party complaint. Westchester appeals. We reverse the order insofar as appealed from.

CPLR 1007 permits a defendant to implead, by means of a third-party action, "a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant" (CPLR 1007; *see BBIG Realty Corp. v Ginsberg*, 111 AD2d 91, 92-93 [1985]; *DeLuca v Lett*, 173 AD2d 760, 762-763 [1991]). "Impleader is available even if the impleaded party owes no duty whatsoever to the primary plaintiff. However, the liability sought to be imposed upon a third-party defendant must arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" (*BBIG Realty Corp. v Ginsberg*, 111 AD2d at 93 [citation omitted]).

Westchester was dismissed from the action pursuant to the stipulation which settled and discontinued all of Sunbelt's causes of action against all of the defendants (*see* CPLR 3217 [a] [2]), requiring the third-party plaintiffs to recommence a proper action in the proper forum in order to obtain relief against Westchester. The third-party complaint, however, sought damages arising from *Tempest's* alleged breach of the contract between Tempest and J Construction, not those arising from Sunbelt's claims against J Construction and Banner. Thus, the liability sought to be imposed upon Westchester did not "arise from [and was not] conditioned upon the liability asserted against the third-party plaintiff[s] in the main action" (*BBIG Realty Corp. v Ginsberg*, 111 AD2d at 93). Further, since Sunbelt's claims were discontinued against the third-party plaintiffs, they are no longer liable to Sunbelt for any damages. Accordingly, since Sunbelt can no longer hold the third-party plaintiffs liable, the third-party plaintiffs cannot implead Westchester pursuant to CPLR 1007 (*see Navillus Tile, Inc. v George A. Fuller Co., Inc.*, 83 AD3d 919, 920 [2011]), and the Supreme Court should have granted Westchester's motion pursuant to CPLR 3211 (a) to dismiss the third-party complaint for failure to state a third-party cause of action (*see* CPLR 1007; *Langan v Cabela*, 289 AD2d 377 [2001]; *DeLuca v Lett*, 173 AD2d 760 [1991]; *BBIG Realty Corp. v Ginsberg*, 111 AD2d 91 [1985]). For the same reasons, the third-party plaintiffs failed to establish their entitlement to judgment as a matter of law on the first cause of action in the third-party complaint, and the Supreme Court, thus, should have denied that branch of the third-party plaintiffs' cross motion which was for summary judgment on that cause of action, regardless of the sufficiency of Westchester's opposition papers.

In light of our determination, we need not address Westchester's remaining contentions. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.