J Constr. Co., LLC v Westchester Fire Ins. Co. (2018 NY Slip Op 07106)





J Constr. Co., LLC v Westchester Fire Ins. Co.


2018 NY Slip Op 07106


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-05244
 (Index No. 504827/13)

[*1]J Construction Company, LLC, et al., appellants,
v
Westchester Fire Insurance Company, respondent.


Nesenoff & Miltenberg, LLP, New York, NY (Philip A. Byler, Andrew T. Miltenberg, and Robert D. Werth of counsel), for appellants.
Gottesman, Wolgel, Flynn, Weinberg & Lee, P.C., New York, NY (Lawrence L. Flynn of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring the plaintiffs' right to coverage by the defendant under a surety bond, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 18, 2016. The order denied the plaintiffs' motion for summary judgment declaring their right to coverage by the defendant under a surety bond and, in effect, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
Banner Avenue, LLC (hereinafter Banner), the owner of two adjacent parcels of real property in Brooklyn, contracted with J Construction Company, LLC (hereinafter J Construction), to build two new condominium buildings on the parcels. J Construction thereafter entered into two separate contracts with subcontractor Tempest Window, Inc. (hereinafter Tempest), to install windows in the condominiums (hereinafter the Banner contracts). Westchester Fire Insurance Company (hereinafter Westchester) issued a performance bond as surety for Tempest. The bond mandated that any action under the bond "must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due." Tempest defaulted on the Banner contracts in November 2008.
A related prior action involving these parties (see Sunbelt Rentals, Inc. v Tempest Windows, Inc., 94 AD3d 1088) was commenced in June 2009 (hereinafter the prior action). In the prior action, Sunbelt Rentals, Inc. (hereinafter Sunbelt), which rented equipment to Tempest, alleged that Tempest defaulted on payments for the rental equipment. As is relevant to this appeal, Sunbelt had filed a notice of mechanic's lien against the two parcels of property owned by Banner and thereafter commenced the prior action against, among others, Tempest, J Construction, Banner, and Westchester to foreclose the mechanic's lien. In February 2010, upon its settlement with Westchester, Sunbelt entered into a stipulation discontinuing the prior action against all parties, with prejudice. The stipulation, inter alia, allowed Tempest's cross claim against J Construction to survive, and J Construction and Banner subsequently asserted cross claims against Westchester, as Tempest's surety. The prior action also resulted in another stipulation, dated May 3, 2010 [*2](hereinafter the May 2010 stipulation), whereby J Construction and Banner agreed to withdraw the cross claims they had asserted against Westchester, without prejudice to reassert those claims in the proper forum (see id. at 1089).
Thereafter, J Construction and Banner commenced a third-party action against Westchester, as Tempest's surety. Westchester moved to dismiss that third-party complaint pursuant to CPLR 3211(a)(1), (5), and (7). J Construction and Banner cross-moved, inter alia, for summary judgment on their first cause of action in their third-party complaint, seeking a judgment declaring that Westchester's performance bond covered the default by Tempest. In an order dated January 7, 2011, the Supreme Court denied Westchester's motion to dismiss that third-party complaint and granted that branch of the cross motion of J Construction and Banner which was for summary judgment on the first cause of action in the third-party complaint. On Westchester's appeal, in a decision and order dated April 24, 2012, this Court reversed the order dated January 7, 2011, insofar as appealed from, granted Westchester's motion to dismiss that third-party complaint, and denied that branch of the cross motion of J Construction and Banner which was for summary judgment on the first cause of action in their third-party complaint (see Sunbelt Rentals, Inc. v Tempest Windows, Inc., 94 AD3d at 1088).
In August 2013, J Construction and Banner (hereinafter together the plaintiffs) commenced this action against Westchester, seeking a judgment declaring their right to coverage under the Banner contracts with Tempest via the bond, as well as a money judgment against Westchester for breach of contract.
Thereafter, the plaintiffs moved for summary judgment declaring that they have a right to coverage by Westchester as surety for Tempest under the bond. Westchester opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint, contending, among other things, that the complaint was time-barred pursuant to the express terms of the bond. The Supreme Court, in effect, granted that branch of Westchester's cross motion which was for summary judgment dismissing the complaint as time-barred, finding that the plaintiffs were required to commence any new action under the bond by October 24, 2012, six months from the April 24, 2012, dismissal of their third-party action, and denied the plaintiffs' motion. The plaintiffs appeal.
Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations (see CPLR 201; City of Yonkers v 58A JVD Indus., Ltd., 115 AD3d 635, 637-638). Here, Westchester established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting the bond, which contains an unambiguous and enforceable two-year contractual period of limitations, measurable from Tempest's November 2008 default.
The third-party action, which was commenced in 2010, was timely under the time period set forth in the bond. However, the third-party action was dismissed due to procedural deficiencies in April 2012 (see Sunbelt Rentals, Inc. v Tempest Windows, Inc., 94 AD3d at 1089-1090). After the third-party action was dismissed without prejudice, the plaintiffs failed to commence this action and serve the defendants within a six-month time period pursuant to CPLR 205(a) (see Quinones v Neighborhood Youth & Family Servs., Inc., 71 AD3d 1106, 1106; Pi Ju Tang v St. Francis Hosp., 37 AD3d 690, 691).
In opposition, the plaintiffs failed to raise a triable issue of fact regarding the inapplicability of the time limitation provision contained in the bond. Accordingly, we agree with the Supreme Court that the complaint is time-barred.
In light of our determination, we need not address the plaintiffs' remaining contentions.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court