GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC (2021 NY Slip Op 02086)





GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC


2021 NY Slip Op 02086


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 33597/18 Appeal No. 13498 Case No. 2019-04629 

[*1]GFE Jerome Avenue LLC, Plaintiff,
v
Steph-Leigh Associates, LLC, Defendant.
Steph-Leigh Associates, LLC, Third-Party Plaintiff-Respondent,
v
George Fellows et al., Third-Party Defendants, Weiner Architecture Group LLC et al., Third-Party Defendants-Appellants.


Meister Seelig & Fein LLP, New York (Eugene Meyers of counsel), for appellants.
Kenneth C. Henry, Jr., P.C., Westbury (Kenneth C. Henry, Jr. of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about October 11, 2019, which, to the extent appealed from as limited by the briefs, denied third-party defendants Weiner Architecture Group LLC (WAG) and JFZ Construction Inc.'s (JFZ) motion to dismiss third-party plaintiff Steph-Leigh Associates, LLC's (SLA) causes of action for contractual indemnification against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the third-party complaint as against WAG and JFZ.
A contract assuming the duty to indemnify will be strictly construed (see 546-552 W. 146 St. LLC v Arfa, 99 AD3d 117, 121-122 [1st Dept 2012]). The indemnification agreements at issue provided, in pertinent part, that WAG and JFZ would indemnify SLA for liability arising out of renovation work to be performed at the premises. The liability asserted against SLA in the main action arose prior to the start of the renovation work and was, therefore, outside of the scope of the indemnification agreements. GFE Jerome Avenue LLC (GFE) alleges in the main action that SLA breached contractual duties which were separate from the renovation work.
Furthermore, a third-party claim for indemnification is insufficient where the allegations, if proven, would preclude liability on the part of the one asserting the claim for indemnification (see Martin Fireproofing Corp. v M.S.I. Corp., 34 AD2d 881, 882 [4th Dept 1970]; see also BIGG Realty Corp. v Ginsberg, 111 AD2d 91, 92-93 [1st Dept 1985]). Here, SLA's contention that WAG and JFZ, which were retained by and were agents of GFE, effectively prevented SLA from performing its contractual duties, would preclude liability on the part of SLA in the main action (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]). SLA's further contention that WAG and JFZ caused a leak at the premises would also preclude liability on the part of SLA, as the terms of the lease agreement provide that it would be GFE's obligation to make repairs where damages to the roof were caused by the tenant.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021