Green Castle A. Mgmt Corp. v B&V Dev., LLC (2023 NY Slip Op 51126(U))

[*1]

Green Castle A. Mgmt Corp. v B&V Dev., LLC

2023 NY Slip Op 51126(U)

Decided on October 23, 2023

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 23, 2023
Supreme Court, Bronx County

Green Castle A. Mgmt Corp., Plaintiff(s),

against
B&V Development, LLC, AL FAELLA, MF ELECTRICAL SERVICE CO. INC., Defendant(s).
B&V DEVELOPMENT, LLC, AL FAELLA, MF ELECTRICAL SERVICE CO. INC., Third-Plaintiff(s),
against
SEAMUS CAREY, Defendant(s).

Index No. 808306/22E

Counsel for Plaintiff and Third-Party Defendant: Agulnick & Gogel, LLC
Counsel for Defendants: Clifford H. Greene & Associates

Fidel E. Gomez, J.

In this action for, inter alia, breach of contract, third-party defendant moves seeking an order pursuant to CPLR § 3212, granting him summary judgment and dismissal of the third-party complaint. Saliently, third-party defendant avers that with regard to the agreements between plaintiff and defendants, third-party defendant acted solely in his capacity as plaintiff's President, such that he is not a party to the foregoing agreements so as to make him liable for the alleged breach thereof. [*2]Defendant/third-party plaintiff B&V DEVELOPMENT, LLC (B&V) opposes the instant motion asserting that third-party defendant's liability is premised on B&V's cause of action pursuant to Article 3-A of the New York Lien Law and that in diverting trust assets as defined thereunder, third-party defendant is liable. B&V cross-moves seeking, inter alia, a waiver of the requirement imposed by New York Lien Law § 77, which only allows recovery thereunder in a representative action. B&V contends that since it is the only beneficiary under the lien law, the requirement that this action be brought as a class action should be obviated. Third-party defendant opposes the instant cross-motion, asserting that insofar as all contractors have been paid and no funds were ever diverted, there is no viable action pursuant to Article 3-A of the New York Lien Law.
For the reasons that follow hereinafter, the third-party defendant's motion is granted and B&V's cross-motion is denied. 
The instant first-party action is for breach of contract, goods sold and delivered, replevin, and unjust enrichment. According to the complaint, on June 19, 2020, plaintiff, a general contractor engaged in building renovation, entered into a contract with B&V and its managing member, AL FAELLA (Faella), whereby plaintiff was to provide construction work at premises owned by B&V and located at 219 Fordham Street, Bronx, NY (219). The contract indicated that plaintiff would be paid $1,130,000. In connection with the foregoing contract, defendant MF ELECTRICAL SERVICE CO, LLC (MF), whose managing member was also Faella, assumed B&V and Faella's obligation to tender payment under the foregoing contract. On May 16, 2022, a dispute arose between the parties. Significantly, despite plaintiff's performance of all its obligations under the contract, defendants failed to pay plaintiff's final invoice. Based on the foregoing, plaintiff interposes four causes of action. The first cause of action is for breach of contract, wherein it is alleged that despite plaintiff's performance of all its obligations, defendants failed to tender all sums due under the contract between the parties. The second cause of action is for goods sold and delivered, wherein it is alleged that plaintiff provided construction work, services, and materials, for which defendants have refused to pay. The third cause of action is for replevin, wherein it is alleged that plaintiff delivered structural steel, bricks, blocks, sand, and cement to 219, which it has a right to recover. The last cause of action is for unjust enrichment, wherein it is alleged that defendants have been enriched to plaintiff's detriment.
Defendants interposed an answer containing 12 counterclaims against plaintiff. The answer alleges, much like the complaint, that B&V owned 219, an undeveloped parcel of property on which it sought to erect a two-story commercial building. As a result, per an agreement dated June 19, 2020, B&V was retained to perform the foregoing construction for the sum of $1,130,000. It was agreed that the work would be completed in six months. The parties amended the initial contract to include a $252,000 surcharge for Covid-related expenses, which was subject to proof of the same. In March or April of 2022, after plaintiff had been paid $535,000, plaintiff stated that absent the tender of $275,000, money plaintiff claimed was due per the agreement, plaintiff would not complete the work. Plaintiff was asked to return to work, but it refused. At this point, the project had been ongoing for almost two years and, thus, defendants terminated plaintiff. Defendants subsequently evaluated the work performed by plaintiff in order to gauge its percentage of completion. Such evaluation revealed that plaintiff had only completed between 25 and 32 percent of the work. Based on the foregoing, defendants determined that plaintiff had been overpaid by $190,000. To date, neither plaintiff nor third-party defendant, B&V's owner, have returned to complete the work and [*3]have refused to return the $190,000 alleged to have been overpaid to them. Based on the foregoing, defendants interpose a counterclaim for an accounting wherein it is alleged that under New York Lien Law 70, the sums paid to plaintiff were to be held in trust, that B&V is a beneficiary of the trust, that plaintiff and third-party defendant are fiduciaries under the trust, that plaintiff and third-party defendant have a fiduciary obligation to only spend trust funds for purposes of the project they were retained to perform, and that plaintiff and third-party defendant have breached their fiduciary obligations under the lien law. Accordingly, defendants seek an accounting of how the foregoing funds were spent. Defendants interpose a counterclaim for diversion of trust based assets on the allegations interposed with respect to the first counterclaim. It is further alleged that plaintiff and third-party defendant diverted trust funds and as such they are personally liable to defendants for all funds spent, but which were not used for the work they were retained to perform. The third counterclaim is for attorney fees wherein it is alleged that based upon plaintiff and third-party defendant's violation of the lien law, they are liable for any fees incurred by defendants in the prosecution of their counterclaims. The fourth counterclaim is for unjust enrichment wherein it is alleged that to the extent that B&V were overpaid $190,000 for work they did not perform, B&V has been unjustly enriched at defendants' expense in the sum of $190,000. The fifth counterclaim is for conversion wherein it is alleged that in retaining an overpayment of $190,000 and failing to return it, B&V has converted defendants' funds. The remaining six counterclaims are all for breach of contract, wherein it is alleged that in failing to complete the work under the agreements between the defendants and itself, B&V breached the agreement. As such, it is not entitled to additional compensation under the agreements, and is instead liable to defendants for sums to be incurred in completing the work for which plaintiff was retained, the amounts overpaid to plaintiff, and any lost rental income incurred by defendants. 
The third-party complaint reiterates the allegations asserted by defendants in the counterclaims within their answer to the first-party complaint and interposes five causes of action. The causes of action are for an accounting, diversion of trust funds, attorney fees unjust enrichment and conversion. The foregoing causes of action, to the extent they were also pleaded in defendants' counterclaims, seek to hold third-party defendant liable to defendants, and are otherwise identical to the counterclaims. 
On April 21, 2023, this Court granted defendants' motion for summary judgment and dismissed the first-party complaint against MF and Faella.
 THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Third-party defendant's motion for summary judgment is granted, but not for the reasons urged by him [FN1]
. Significantly, the instant third-party action is not rooted in claims for indemnity [*4]and/or contribution and therefore must be dismissed.
CPLR § 1007 prescribes when third-party practice is allowed in an action. Specifically,
[a]fter the service of his answer, a defendant may proceed against a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant, by filing pursuant to section three hundred four of this chapter a third-party summons and complaint with the clerk of the court in the county in which the main action is pending, for which a separate index number shall not be issued but a separate index number fee shall be collected. The third-party summons and complaint and all prior pleadings served in the action shall be served upon such person within one hundred twenty days of the filing. A defendant serving a third-party complaint shall be styled a third-party plaintiff and the person so served shall be styled a third-party defendant. The defendant shall also serve a copy of such third-party complaint upon the plaintiff's attorney simultaneously upon issuance for service of the third-party complaint on the third-party defendant.
Accordingly, a third-party action is limited to actions where a defendant seeks to hold a third-party liable for all of a plaintiff's claims against said defendant, meaning liability "rooted in indemnity or contribution" (BRC Elec. Corp. v Cripps, 67 AD2d 899, 900 [2d Dept 1979]; see Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1035 [2d Dept 2012] ["In other words, the liability to be imposed upon a third-party defendant in a third-party action commenced pursuant to CPLR 1007 should arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" [internal quotation marks omitted]; Lucci v Lucci, 150 AD2d 649, 649 [2d Dept 1989] ["The liability to be imposed upon a third-party defendant in a third-party action commenced pursuant to CPLR 1007 should arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" [internal quotation marks omitted].; Zurich Ins. Co. v White, 129 AD2d 388, 391 [3d Dept 1987] ["Put another way, the liability sought to be imposed upon a third-party defendant must arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action" [internal quotation marks omitted]; BBIG Realty Corp. v Ginsberg, 111 AD2d 91, 93 [1st Dept 1985] ["However, the liability sought to be imposed upon a third-party defendant must arise from or be conditioned upon the liability asserted against the third-party plaintiff in the main action."]; Cleveland v Farber, 46 AD2d 733, 733 [4th Dept 1974] ["A claim of indemnity is not sufficiently alleged solely on the basis that the claims arose out of the same set of facts. Third-party plaintiff must also allege facts which show that third- party defendant's liability rises from the liability of third-party plaintiff to plaintiff."]). 
When a third-party action does not plead causes of action conditioned or arising from the main action against the defendant/third-party plaintiff a third-party action is inappropriate (Qosina Corp. at 1035 ["Here, the third-party complaint was not permitted by CPLR 1007 since it failed to state any cause of action arising from or conditioned upon the liability asserted against C & N in the main action."]; Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 880, 883 [2d Dept 2011] ["Here, the third-party complaint alleged, inter alia, causes of action to recover damages for defamation, abuse of process, and intentional infliction of emotional distress. Liotti, however, did not seek indemnification or contribution, and did not allege that Brewington was in any way responsible for the plaintiffs' injuries. Therefore, the Supreme Court correctly granted that branch of Brewington's motion which was to dismiss the third-party complaint on the ground that it was not permitted by CPLR 1007."]; see Sklar v Garrett, 195 AD2d 454, 454 [2d Dept 1993] ["The proposed second amended and supplemental third-party complaint fails to state any cause of action arising from or conditioned upon the liability of the third-party plaintiff Paula Moskwik claimed by the plaintiffs Karl and Ellen Sklar (hereinafter the Sklars) in the main action. Therefore, the motion for summary judgment dismissing the amended third-party complaint should have been granted and the cross motion to amend the amended third-party complaint is denied" [internal quotation marks omitted]."; Zurich Ins. Co. at 391 ["Since Smalis' and Occidental's indemnification liability neither arises out of or is contingent upon the validity of Zurich's disclaimer, impleader did not lie. Accordingly, Supreme Court properly dismissed the third-party complaint against Occidental."]; Lucci at 993). Indeed, generally, a third-party complaint which seeks "affirmative relief against the third party defendant for damages independently claimed to have been sustained by the third party plaintiff and which claim has no bearing upon the claim of the main plaintiff" (Otto v Wegner, 11 Misc 2d 499, 499 [App Term 1958]), warrants dismissal of the third-party complaint (id. at 499). Moreover, insofar as in a proper third-party action, the claims therein are derivative of the main action, [*5]dismissal of the first party action necessarily warrants dismissal of the third-party complaint (Interstate Adjusters, Inc. v First Fid. Bank, N.A., 251 AD2d 232, 234 [1st Dept 1998] ["The third-party action should be dismissed as derivative of the main action. Since all of plaintiff's claims against defendant have been dismissed, there is no predicate for a third-party action."]; see People ex rel. Spitzer v Grasso, 53 AD3d 403, 403 [1st Dept 2008] ["Grasso's remaining third-party claim against McCall seeking damages for negligent misrepresentation also has been rendered moot by our decisions dismissing all the causes of action asserted against Grasso by the Attorney General in the main action."]).
Here, a review of the third-party complaint and the causes of action asserted therein establish that rather than seeking to hold third-party defendant liable for defendants' potential liability to plaintiff, defendants instead assert independent causes of action for an accounting, diversion of trust funds, attorney fees unjust enrichment and conversion. Indeed, the third-party complaint merely rehashes five of the twelve counterclaims interposed by defendants against plaintiff within their answer and because third-party defendant is not a party to the first-party action, asserts many of the counterclaims asserted against the only plaintiff as direct causes of action against third-party defendant.
Again, a third-party action is limited to actions where a defendant seeks to hold a third-party liable for all of a plaintiff's claims against the defendant/third-party plaintiff, meaning liability "rooted in indemnity or contribution" (BRC Elec. Corp. at 900; see Qosina Corp. at 1035; Lucci at 649; Zurich Ins. Co. at 391; BBIG Realty Corp. at 93; Cleveland at 733). Accordingly, when a third-party action does not plead causes of action conditioned or arising from the main action against the defendant/third-party plaintiff, it is inappropriate and should be dismissed (Qosina Corp. at 1035; Galasso, Langione & Botter, LLP at 883; see Sklar at 454; Zurich Ins. Co. at 391; Lucci at 993).
To the extent that here, the third-party complaint is utterly bereft of any claims for contribution and/or indemnification against third-party defendant, it must be dismissed for this reason alone. Moreover, since generally, a third-party complaint which seeks "affirmative relief against the third party defendant for damages independently claimed to have been sustained by the third party plaintiff and which claim has no bearing upon the claim of the main plaintiff" (Otto v Wegner, 11 Misc 2d 499, 499 [App Term 1958]), warrants dismissal of the third-party complaint (id. at 499), here, where each cause of action asserted against third-party defendant seeks independent affirmative relief for independent wrongs alleged to have been committed by him, dismissal is warranted for this additional reason.
Notably, since in a proper third-party action, the claims therein are derivative of the main action, dismissal of the first-party action warrants dismissal of the third-party complaint (Interstate Adjusters, Inc. at 234; see People ex rel. Spitzer at 403), in addition to the impropriety of the third-party complaint, which undergirds the instant dismissal, it should have been dismissed on behalf of Faella on the prior motion, since when the Court granted his motion to dismiss the complaint against him, he no longer had any claim for contribution and/or indemnification so as to warrant a third-party action by him.

B&V'S CROSS-MOTION
Insofar as the third-party action has been dismissed, B&V's cross-motion seeking an order waiving the representative suit requirement under the lien law or leave to comply with the same is denied as moot. It is hereby
ORDERED that the third-party complaint be dismissed. It is further
ORDERED that third-party plaintiff serve a copy of this Order with Notice of Entry upon all parties within thirty days (30) hereof.
This constitutes this Court's decision and Order.
Dated : October 23, 2023
Bronx, New York
FIDEL E. GOMEZ, JSC

Footnotes

Footnote 1:It is true that a court should not determine a motion on an issue not urged by the parties (Misicki v Caradonna, 12 NY3d 511, 519 [2009] ["We are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made."]). This is particularly true when a trial court is deciding an application for summary judgment. To be sure, while in determining summary judgment, the court can search the record even in the absence of a cross-motion and may grant summary judgment to a non-moving party (CPLR 3212[b]; Dunham v Hilco Constr. Co., Inc., 89 NY2d 425, 430 [1996]), generally a court ought not grant summary judgment "on a ground that the parties did not litigate (Deutsche Bank Natl. Tr. Co. v Gambino, 153 AD3d 1232, 1233 [2d Dept 2017]). This is particularly true when the disposition is premised upon an affirmative defense, which if not raised, is waived (Buckeye Retirement Co., L.L.C., Ltd. v Lee, 41 AD3d 183, 184 [1st Dept 2007]; Paladino v Time Warner Cable of New York City, 16 AD3d 646, 647 [2d Dept 2005]). Here, the third-party defendant urges summary judgment on substantive grounds, which if resolved against him would allow this impermissible third-party action to proceed. Accordingly, this Court finds it appropriate and within its discretion to dismiss this action on alternative procedural grounds since no amount of additional evidence would avail defendants and since this does not preclude B&V from initiating a subsequent first-party action against third-party defendant. Significantly, the third-party action, as pleaded, violates CPLR § 1007 and absent dismissal on the instant ground, the Court would be required to preside over what is in essence, a separate first-party action seeking independent affirmative, than derivative relief, which therefore would survive even if the first-party action is dismissed. This result turns the purpose of third-party practice on its head. Thus, without determining the merits of the allegations therein, the instant third-party action should have been and arguably could still be initiated as a separate action and to the extent it is alleged that it arises from the same events and occurrences alleged in the first-party action, the parties should have sought and arguably could seek to consolidate it with the instant firs-party action against B&V.