## Nofar Tribeca LLC v Shably Holdings, LLC

2025 NY Slip Op 32253(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 157325/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

NOFAR TRIBECA LLC,

                                        Plaintiff,

                    - v -

SHABLY HOLDINGS, LLC,

                                        Defendant.

-------------------------------------------------------------------------------X

SHABLY HOLDINGS, LLC

                                        Plaintiff,

                    -against-

NOFAR HAGAG

                                        Defendant.
-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157325/2023 |
| **MOTION DATE** | 12/19/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595552/2024

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                     DISMISSAL                     .

In this action alleging constructive eviction, commercial tenant harassment, and fraudulent inducement, third-party defendant Nofar Hagag ("Hagag") moves for an order dismissing the Third-Party Complaint of defendant/third-party plaintiff Shably Holdings, LLC ("Defendant/Third-Party Plaintiff") pursuant to CPLR §§ 306-b, 3211(a)(8), and 1007, or in the alternative dismissing the Third-Party Complaint's second cause of action alleging defamation pursuant to CPLR 3211(a)(7).  Defendant/Third-Party Plaintiff opposes the motion and cross-moves for an order extending *nunc pro tunc* the time to file the affidavit of service for the Third-Party Complaint.  Hagag opposes the cross-motion.

**157325/2023   NOFAR TRIBECA LLC vs. SHABLY HOLDINGS, LLC**
**Motion No.  002**

**Page 1 of 6**

[* 1]

Hagag is the principal of plaintiff Nofar Tribeca LLC ("Plaintiff"). Plaintiff is a commercial subtenant of a condominium unit consisting of the ground floor and cellar space ("Premises") at 68 Thomas Street in Manhattan ("the Building"). Plaintiff rented the Premises from Defendant/Third-Party Plaintiff pursuant to a ten-year lease dated July 9, 2022 for the purposes of operating a Pilates studio therein. Hagag executed the lease on behalf of Plaintiff. According to Defendant/Third-Party Plaintiff, Hagag concurrently executed a "good guy" guaranty in connection with the lease.

Plaintiff opened its business on the premises on September 15, 2022. However, shortly after opening, Plaintiff alleges that it discovered that the boiler serving the cellar space was nonfunctional, which deprived the cellar of heat and deprived Plaintiff's intended use of about half the Premises from November 2022 to May 2023, and from October 2023 through December 2023. This purportedly contradicted Defendant/Third-Party Plaintiff's representations during the pre-lease walkthrough that the radiators shown would supply heat to the cellar. Plaintiff thereafter requested that Defendant/Third-Party Plaintiff repair the boiler, which Defendant/Third-Party Plaintiff refused to do, leading Plaintiff to cease its Pilates sessions in the cellar and cancel other services in November 2022. Plaintiff further alleges that it ultimately had to abandon the entire Premises in December 2023 as the boiler also failed to provide heat to the main floor studio. Plaintiff surrendered the Premises in January 2024.

Defendant/Third-Party Plaintiff maintains that it is not responsible for repairing the boiler, as Plaintiff agreed in the lease to accept the Premises "as is" and was made aware in June 2022 that the cellar space was not heated. It further avers that Plaintiff agreed in the lease to assume responsibility for the maintenance and repair of the Premises' HVAC and related systems. Defendant/Third-Party Plaintiff also claims that Plaintiff caused damage to the

[* 2]

Premises by removing fixtures from the walls and ceilings and that it would not have allowed Plaintiff to make certain alterations to the Premises had it known that Plaintiff would occupy the Premises for only a fraction of the ten-year term.

Plaintiff commenced this action in July 2023 seeking damages for partial constructive eviction for November 2022 to May 2023, and from October 2023 through December 2023, commercial tenant harassment, and fraudulent inducement, along with a declaratory judgment that Defendant/Third-Party Plaintiff is obligated to repair the allegedly defective boiler. It amended its Complaint in March 2024 to add a cause of action for constructive eviction, based on its abandonment of the Premises in December 2023. Plaintiff contends that under the lease it is responsible only for repairs within the Premises and that the boiler at issue is located outside of the Premises in a space designated as a "Limited Common Element" under the Building's condominium declaration, and is therefore Defendant/Third-Party Plaintiff's responsibility to repair.

Defendant/Third-Party Plaintiff filed both its Answer and Third-Party Complaint on May 28, 2024. In its Answer, Defendant/Third-Party Plaintiff asserts two counterclaims against Plaintiff seeking damages for unpaid rent for the remainder of the ten-year lease and for extra real estate brokerage commission it paid for a ten-year lease rather than for a one-year term. The Third-Party Complaint also asserts a defamation claim against Hagag based on the statements she caused Plaintiff to make in the Complaint. It further asserts a claim against her both individually and as guarantor for alleged harm caused to Defendant/Third-Party Plaintiff's relationship with the condominium and for causing "unnecessary violations and complaints against [defendant] by the City of New York and the building owners" (NYSCEF Doc. No. 22,

157325/2023   NOFAR TRIBECA LLC vs. SHABLY HOLDINGS, LLC                    Page 3 of 6
   Motion No.  002

3 of 6

Third-Party Complaint ¶ 30), and a claim under the guaranty based on her alterations to the Premises and alleged removal of fixtures in violation of the lease.

Hagag first moves to dismiss the Third-Party Complaint for lack of personal jurisdiction pursuant to CPLR 3211(a)(8). She argues that that Defendant/Third-Party Plaintiff's service of the Third-Party Summons and Complaint upon her was untimely because service was only complete on December 12, 2024, ten days after the affidavit of service was filed on December 2, 2024, outside of the 120-day period for service set forth in CPLR 306-b and the 20-day period provided by CPLR 308(2), despite her having been served on July 29, 2024. In opposition to this branch of the motion, and in support of its cross-motion, Defendant/Third-Party Plaintiff argues that the late filing of the affidavit of service is not a jurisdictional defect.

The Court denies the branch of Hagag's motion seeking to dismiss the Third-Party Complaint for lack of personal jurisdictional. It is well-established that "failure to file proof of service within the 20-day time period for answering the complaint is not a jurisdictional defect, but a 'mere irregularity,' and . . . service is deemed complete only 10 days after the late filing" (*Reem Contr. v Altschul & Altschul*, 117 AD3d 583, 584 [1st Dept 2014]). Hagag does not dispute that she was served with a copy of the Third-Party Summons and Complaint within 120 days of the commencement of the third-party action against her. The Court therefore denies this branch of Hagag's motion.

Hagag next moves to dismiss the Third-Party Complaint pursuant to CPLR 1007. She argues that there is no nexus between the third-party claims against her and Plaintiff's claims in the main action, because the third-party guaranty and defamation claims do not arise out of or are conditioned upon the liability Plaintiff asserts against Defendant. In opposition, Defendant/Third-Party Plaintiff claims that there is a nexus as the claims against Hagag, which

157325/2023  NOFAR TRIBECA LLC vs. SHABLY HOLDINGS, LLC
Motion No. 002

Page 4 of 6

4 of 6

[* 4]

arise out of her role in the lease transaction and associated conduct forming the basis of Plaintiff's claims. It argues that Hagag's conduct as Plaintiff's principal directly gave rise to the damages that Plaintiff seeks to recover and that Hagag should ultimately be liable for such damages. CPLR 1007 allows a defendant to "proceed against a person not a party who is or may be liable to that defendant for all or part of the plaintiff's claim against that defendant . . . ." Although the statute's impleader language is liberally construed, a third-party defendant's potential liability must "arise from the liability asserted against the third-party [plaintiff] in the main action" (*Warner v Levinson*, 188 AD2d 268 [1st Dept 1992], citing *BBIG Realty Corp. v Ginsberg*, 111 AD2d 91, 93 [1st Dept 1985]; *see also Park Union Condominium v 910 Union St., LLC*, 196 AD3d 427 [1st Dept 2021]). CPLR 1010 provides that a court may exercise its discretion to "dismiss a third-party complaint without prejudice, order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders as may be just."

Here, there is an insufficient nexus between Defendant's third-party claims against Hagag and Plaintiff's claims against Defendant/Third-Party Plaintiff in the main action. Plaintiff's claims concern the Premises' allegedly defective heating system and Defendant's alleged refusal to repair it and the resulting financial damages from Plaintiff's purported loss of part, and then the entire, Premises. In contrast, Defendant's third-party causes of action arise out of Hagag's purported instigation of unspecified complaints against it, defamation based on alleged misrepresentations she caused to be included in Plaintiff's Complaint, and her alleged breach of the Guaranty by removing fixtures from the Premises. Hagag's liability for any of these claims cannot be said to arise from or be conditioned on Defendant's liability to Plaintiff for, *inter alia*, constructive eviction or tenant harassment, as each set of claims rests on distinct factual bases.

157325/2023   NOFAR TRIBECA LLC vs. SHABLY HOLDINGS, LLC
Motion No.  002

Page 5 of 6

5 of 6

[* 5]

The Court therefore grants Hagag's motion to dismiss the Third-Party Complaint as defective under CPLR 1007.

As the Third-Party Complaint is insufficient under CPLR 1007, the Court denies as moot the alternative relief sought in the branch of her motion for dismissal of the defamation claim only pursuant to CPLR 3211(a)(7).

Accordingly, it is hereby:

ORDERED that the branch of third-party defendant Nofar Hagag's motion seeking dismissal of the Third-Party Complaint under CPLR 1007 is granted; and it is further

ORDERED that the Third-Party Complaint of defendant/third-party plaintiff Shably Holdings, LLC is dismissed without prejudice pursuant to CPLR 1010; and it is further

ORDERED that the remainder of third-party defendant's motion is denied; and it is further

ORDERED that the cross-motion of defendant/third-party plaintiff Shably Holdings, LLC is denied as moot.

| 6/23/2025 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|---|-------------------------|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157325/2023   NOFAR TRIBECA LLC vs. SHABLY HOLDINGS, LLC **Page 6 of 6**
Motion No.  002